## APPEAL OF JULES BREUCHAUD.

Docket No. 2978.    Submitted May 28, 1925.    Decided June 25, 1925.

1. The taxpayer sold for $96,800 stock costing less than that amount but claimed to have been worth in excess of that amount on March 1, 1913. *Held*, that no gain or loss was derived from the transaction.

2. The taxpayer exchanged stock of a par value of $34,900 in connection with a reorganization for stock of a par value of $18,300. *Held*, that no deductible loss resulted from the transaction.

*Ellis W. Manning, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency of income taxes for the calendar years 1918, 1919, and 1920, in the amounts, respectively, of $5,735.28, $6,902.07, and $822.56, a total of $13,459.91.

### FINDINGS OF FACT.

The taxpayer is an individual residing in the City of New York and having his office and principal place of business in that city.

The taxpayer acquired, in 1909, 510 shares of the capital stock of a par value of $100 per share of the Underpinning and Foundation Co. in exchange for a certain patent at that time transferred to the said company. In 1912 the taxpayer acquired 160 additional shares of the capital stock of the said company for $16,000 cash. In 1919 the said company was liquidated and the taxpayer received, for the

670 shares of stock held by him, a total of $96,800, or $140 per share. Upon this transaction the taxpayer claims a loss of $67,498.32 in and for the year 1919.

During the years 1919 and 1920, the taxpayer acquired, for $8,300 cash, 83 shares of the capital stock of the American Nitro-Phospho Corporation, and 265 shares of the stock of the Hasbrook Corporation, for which he paid $26,500 cash. In 1920 the taxpayer exchanged the shares in both the aforesaid corporations for 183 shares of a par value of $100 in the Earp-Thomas Cultures Corporation. The last-named corporation took over the assets of the first two companies.

Upon this transaction the taxpayer claims a loss of $16,600.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

JAMES: Of the deficiencies above set forth, that asserted by the Commissioner for the year 1918 is not in controversy. In his petition the taxpayer alleged, but failed to prove, a value on March 1, 1913, of the stock of the Underpinning and Foundation Co. of $240,744. He also alleged, but failed to prove, a cost of the stock of that company of $118,000. The loss so claimed by the taxpayer must therefore be disallowed, not only upon the ground that the case is governed by the decision of the Supreme Court in the case of *United States* v. *Flannery*, 268 U. S. 98, but also upon the ground that the taxpayer has failed both to prove the cost of the stock upon which the loss is claimed and the March 1, 1913, value thereof.

The taxpayer claims a loss for the year 1920 of $16,600, based upon an exchange of stock of a par value of $34,800 for stock of a par value of $18,200, without proof of value of the stock received in exchange. Section 202 (b) of the Revenue Act of 1918 provides specifically:

 * * * When in connection with the reorganization, merger, or consolidation of a corporation a person receives in place of stock or securities owned by him new stock or securities of no greater aggregate par or face value, no gain or loss shall be deemed to occur from the exchange, * * *

The above section of the statute clearly disposes of the taxpayer's contention that he is entitled to deduct the loss of $16,600 claimed for the year 1920.