*163 OPINION.
James:
Of the deficiencies above set forth, that asserted by the Commissioner for the year 1918 is not in controversy. In his petition the taxpayer alleged, but failed to prove, a value on March 1, 1913, of the stock of the Underpinning and Foundation Co. of $240,744. He also alleged, but failed to prove, a cost of the.stock of that company of $118,000. The loss so claimed by the taxpayer must therefore be disallowed, not only upon the ground that the case is governed by the decision of the Supreme Court in the case of United States v. Flannery, 268 U. S. 98, but also upon the ground that the taxpayer has failed both to prove the cost of the stock upon which the loss is claimed and the March 1, 1913, value thereof.
The taxpayer claims a loss for the year 1920 of $16,600, based upon an exchange of stock of a par value of $34,800 for stock of a par value of $18,200, without proof of value of the stock received in exchange. Section 202 (b) of the Revenue Act of 1918 provides specifically :
* * * When in connection witli the reorganization, merger, or consolidation of a corporation a person receives in place of stock or securities owned by him new stock or securities of no greater aggregate par or face value, no gain or loss shall be deemed to occur from the exchange, * * *
The above section of the statute clearly disposes of the taxpayer’s contention that he is entitled to deduct the loss of $16,600 claimed for the year 1920.