NOAKER ICE CREAM CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11397.   Promulgated January 7, 1928.

*Albert B. Arbaugh, Esq.*, for the petitioner.
*J. A. O'Callaghan, Esq.*, for the respondent.

OPINION.

Littleton: As a practical matter the question in this case is the amount of the gain or loss resulting from the demolition of a building. The parties are in accord as to the cost; the rate of depreciation from the date of acquisition to March 1, 1913; the March 1, 1913, value; the rate of depreciation from that date to its demolition, and the amount received as salvage. Thus we have the requisite facts to determine the amount of loss sustained on the demolition of the building in question, but it becomes necessary to pass upon one question of law which must be applied to the foregoing facts in order to. arrive at the loss to which the petitioner is entitled as a deduction from gross income in 1919. While the question of law which is raised by the error assigned in the petition is the extent to which depreciation sustained prior to March 1, 1913, is to be taken into consideration in determining the deductible loss in question, the question is really broader than this and makes necessary a decision as to the extent to which depreciation sustained both prior and subsequent to March 1, 1913, must be considered in this case.

Since cost was less than the March 1, 1913, value, the respondent determined the deductible loss in question by reducing cost by depreciation sustained from date of acquisition to March 1, 1913,

plus depreciation allowed on the March 1, 1913, value from March 1, 1913, to date of sale and then taking the difference between the resulting remainder and the selling price, which in this instance was the amount recovered as salvage, whereas the petitioner takes the position that the foregoing determination is erroneous to the extent that depreciation sustained prior to March 1, 1913, is used to reduce cost for the reason that there was no income-tax law in effect prior to March 1, 1913, under which any deduction could be taken or allowed for such depreciation. The petitioner concedes in its brief that the holding of this Board in *Appeal of Even Realty Co.*, 1 B. T. A. 355, is opposed to its view, but invites our attention to case of *Ludey* v. *United States*, 61 Ct. Cls. 126, decided subsequent to the *Even Realty* case. After the petitioner's brief was filed the *Ludey* case was considered by the Supreme Court and a decision rendered thereon on May 16, 1927. See *United States* v. *Ludey*, 274 U. S. 295. It becomes necessary, therefore, to consider whether there is anything in the decision of the court in *United States* v. *Ludey, supra*, which is in conflict with, and therefore requires a change in our holding as set out in the *Even Realty* case.

In the *Appeal of Even Realty Co., supra*, the Board said:

The same considerations that lead us to the conclusion that adjustment for recoveries of capital by allowance for exhaustion, wear and tear, and obsolescence must be made in computing gain upon the sale of property, compel us to the belief that similar adjustments should be made to cost before comparing it with value on March 1, 1913, for the purpose of deciding which of them should be the *basis* for that computation. If the taxpayer recovered a part of the cost of his property before March 1, 1913, only the balance of that cost can properly be recoverable thereafter. The Constitution certainly does not entitle a taxpayer to recover any part of his cost more than once, before becoming accountable for taxes upon his gain. If, after proper adjustment for partial recoveries, it appears that the cost exceeds the value at March 1, 1913, that adjusted cost rather than the March 1, 1913, value should be taken as the basis for all subsequent computations; if it be less than the March 1, 1913, value the latter is the proper basis. Thus, if a taxpayer in 1903 buys a building with a normal life of 20 years for $10,000, and recovers in rents one-half of that cost by 1913, he is entitled to recover thereafter through deductions or upon the sale of the property either $5,000 or the market value at March 1, 1913, whichever is higher. To allow more would be permitting him a double recovery of part of his capital investment before accounting for profit, and certainly the Constitution does not compel that.

The case of *United States* v. *Ludey, supra*, involved a situation where the taxpayer held on March 1, 1913, certain assets which were acquired prior to March 1, 1913, the value of which on March 1, 1913, was in excess of the original cost. Other assets were acquired between March 1, 1913, and date of sale, but we will leave these out of account as there can be no dispute as to the meaning of the decision on this point. The assets (meaning assets acquired prior to

March 1, 1913) were sold in 1917 at a price which exceeded the March 1, 1913, value, less depreciation and depletion from March 1, 1913, to date of sale. There was, therefore, involved a gain on the sale of property where the March 1, 1913, value exceeded cost. With respect to the amount of depreciation and depletion which must be deducted from cost or March 1, 1913, value, the court held:

Congress doubtless intended that the deduction to be made from the original cost should be the aggregate amount which the taxpayer was entitled to deduct in the several years.

As to the meaning of " cost " as used in the opinion, the following footnote appears in the opinion:

Some of the properties were purchased before March 1, 1913. As to these the term cost is used, throughout the opinion, as meaning their value as of March 1, 1913, that value being higher than the original costs.

It would seem, therefore, that what the court said was that where the March 1, 1913, value of depreciable assets exceeds cost and the sale price exceeds the March 1, 1913, value, after adjustment for depreciation and depletion, the taxable gain is represented by the difference between the March 1, 1913, value, less allowable depreciation and depletion from March 1, 1913, to date of sale, and the selling price. Obviously, it was unnecessary in that case to consider depreciation or depletion which was sustained on cost prior to March 1, 1913, for the reason that cost was less than the March 1, 1913, value, and, therefore, when we have a selling price which exceeds either the cost or the March 1, 1913, value, we need concern ourselves only with the higher of two, which in this case was the March 1, 1913, value. The reason which prompted the court to limit the depreciation and depletion to be deducted to that allowable as a deduction from 1913 to 1917 is not only explainable, but is also entirely logical when we consider that the allowable depletion under the Revenue Act of 1913 was not on the basis of depletion sustained, but was limited to a percentage of the output of a mine. In any other manner, it is difficult to see the necessity for making a distinction between " sustained " and " allowable " since when applied to depreciation the amount sustained in any one year could hardly be said not to be the reasonable allowance contemplated by the statute (except under the 1913 Act applicable to individuals entitled to such a deduction on account of mining property).

Applying this explanation of the *Ludey* case to this proceeding we find that here we have cost less than the March 1, 1913, value, but with the selling price less than either cost or March 1, 1913, value. Were there no adjustments necessary for depreciation, we would say that the deductible loss is the difference between cost and selling price. *United States* v. *Flannery*, 268 U. S. 98. The question here is, what adjustment shall be made on account of depreciation? Shall

it be only an adjustment for the allowable depreciation sustained between March 1, 1913, and the date of sale, which adjustment shall be considered in connection with whatever basis—whether cost or March 1, 1913, value—is used?

The result which would follow from an affirmative answer to the foregoing question may be illustrated by the following example of a building purchased in 1908 and sold in 1918:

| | |
|---|--:|
| Cost (1908) | $8,000 |
| Value (March 1, 1913) | 10,000 |
| Life of building (years) | 25 |
| Depreciation on cost for 5 years to March 1, 1913 | $1,600 |
| Depreciation on March 1, 1913, value for 5 years from March 1, 1913, to 1918 | 2,500 |
| Sale price | 3,000 |

The deductible loss on this theory would be obtained by deducting the depreciation allowable on the March 1, 1913, value, to wit, $2,500, from the March 1, 1913, value and from cost—without making any adjustment for depreciation sustained prior to March 1, 1913—and then allowing as a loss the remainder which results when the sale price is deducted from the smaller of the two remainders. The result would be a loss of $2,500 (cost $8,000 less depreciation, $2,500 and less sale price of $3,000).

We are of the opinion that there are two valid objections to this result:

First, the amount used as a basic figure from which the sale price is deducted is not depreciated cost, even if we concede that depreciation sustained prior to March 1, 1913, is not to be considered, since the depreciation allowable subsequent to March 1, 1913, is the depreciation on the March 1, 1913, value and not on cost alone. The March 1, 1913, value of $10,000 is made up of two amounts, viz, depreciated cost and appreciation to March 1, 1913, which in the case stated would be, depreciated cost $6,400 and appreciation $3,600. Hence, when we allow depreciation of $2,500 on the March 1, 1913, value to 1918, $1,600 is being allowed on cost and $900 on the appreciation. Therefore, if we desire to compare true cost reduced by depreciation on cost allowed subsequent to March 1, 1913, with depreciated March 1, 1913, value, we should reduce cost by only $1,600 instead of $2,500. To do otherwise would mean a reduction of the loss by the depreciation on appreciation and thereby increasing taxable income for 1918 to this unwarranted extent; in effect, taxing income which it appears Congress intended should be exempt.

The other objection to this result is the failure to consider depreciation sustained prior to March 1, 1913. Admittedly, in the *Ludey* case the court took into consideration only depreciation and depletion allowable subsequent to March 1, 1913, but is the case authority for

the proposition that depreciation sustained prior to March 1, 1913, is not to be considered where the assets were acquired prior to March 1, 1913, and a loss is involved, that is, both cost and the March 1, 1913, value exceed the selling price? We are of the opinion that it is not. There a gain resulted and not a loss, and hence it was obviously unnecessary to consider cost or adjustments to cost prior to March 1, 1913. So long as we start with the March 1, 1913, value in excess of cost and must consider only the higher of the two as was true in the *Ludey* case, cost and adjustments thereto can be forgotten and only the March 1, 1913, value considered. This is precisely what the court did.

The reasoning which would disregard depreciation sustained prior to March 1, 1913, proceeds on the theory that the March 1, 1913, value is capital which is to be returned to a taxpayer before taxing income, and that the return contemplated is that allowable as deductions from gross income under the taxing statutes in force for 1913 and subsequent years to the date of sale. That this was held to be true in a case involving a taxable gain where it was unnecessary to consider depreciated cost, does it follow that the same rule should apply with respect to the determination of a deductible loss? We think not. We are of the opinion that there can be a return of capital (cost) when it is not deductible in the same sense as when deductible. A depreciable asset used in a trade or business is being continually returned to the owner thereof. In the hypothetical case stated, the $1,600 depreciation sustained from 1908 to March 1, 1913, was a proper charge against operations for those years and represented a gradual sale of the asset during those years. That the court in the *Ludey* case did not have a different theory is shown by the following statement:

We are of opinion that the revenue acts should be construed as requiring deductions for both depreciation and depletion when determining the original costs of oil properties sold. Congress, in providing that the basis for determining gain or loss should be the cost or the 1913 value, was not attempting to provide an exclusive formula for the computation. The depreciation charge permitted as a deduction from the gross income in determining the taxable income of a business for any year represents the reduction, during the year, of the capital assets through wear and tear of the plant used. The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost. *The theory underlying this allowance for depreciation is that by using up the plant a gradual sale is made of it. The depreciation charged is the measure of the cost of the part which has been sold. When the plant is disposed of after years of use, the thing then sold is not the whole thing originally acquired.* The amount of the depreciation must be deducted from the original cost of the whole in order to determine the cost of that disposed of in the final sale of properties. Any

other construction would permit a double deduction for the loss of the same capital assets. (Italics supplied.)

In view of the foregoing, we are of the opinion that only by taking into consideration depreciation sustained both prior and subsequent to March 1, 1913, on *cost*, can we obtain a true depreciated cost which we can compare with the depreciated March 1, 1913, value for the purpose of determining a deductible loss in 1918 of assets acquired prior to March 1, 1913. When this is done, the hypothetical case hereinbefore mentioned is solved in the following manner:

| | | |
|---|---:|---:|
| Original cost | | $8,000 |
| Less— | | |
| Depreciation to March 1, 1913, on cost | $1,600 | |
| Depreciation on cost from March 1, 1913, to 1918 | 1,600 | |
| | | 3,200 |
| Net depreciated cost | | $4,800 |
| March 1, 1913, value | $10,000 | |
| Less—Depreciation on March 1, 1913, value to 1918 | 2,500 | |
| Net depreciated March 1, 1913, value | | 7,500 |
| Sale price | | 3,000 |
| Deductible loss ($4,800—$3,000) | | 1,800 |

Consistent with the foregoing, the Board is of the opinion that where a depreciable asset was acquired prior to March 1, 1913, at a cost which, when depreciated to March 1, 1913, is less than the March 1, 1913, value and the asset is sold or disposed of in 1919 at a price which is less than either the March 1, 1913, value or cost, properly depreciated to date of sale, the deductible loss is the difference between the selling price and cost properly depreciated from date of acquisition to date of sale or disposition, which depreciation would represent not only depreciation sustained on cost prior to March 1, 1913, but also depreciation sustained on *cost* from March 1, 1913, to date of sale.

Reviewed by the Board.

*Judgment will be entered on 10 days' notice, under Rule 50.*

GREEN, dissenting: I can not agree with the conclusion reached in the opinion adopted by the majority of the Board. As was therein stated, we have all the facts before us. It is necessary only to pass upon one question of law in order that we have a complete formula for the solution of the problem. The question of law is whether the basis (cost or March 1, 1913, value, as the case may be) for the purpose of determining gain or loss on a sale or other disposition of property shall be reduced by the amount of the exhaustion, wear and tear sustained prior to March 1, 1913. The exhaustion, wear and tear are commonly referred to as depreciation.

The Revenue Act of 1913 and all subsequent acts, have provided for an annual deduction from gross income for depreciation, but not until the Revenue Act of 1921 was there any expressed statutory requirement that depreciation be considered in the computation of the gain or loss resulting from the sale or other disposition of depreciable property. Prior to the passage of the 1921 Act, the authority for such consideration was found only in the Commissioner's regulations and the decisions of the Bureau of Internal Revenue.

We held in the *Appeal of Even Realty Co.*, 1 B. T. A. 355, that when computing the amount of the gain or loss resulting from the sale or other disposition of property, the basis for such computation, whether that basis be cost or March 1, 1913, value, should be reduced by the amount of the depreciation. This case arose under the Revenue Act of 1918, which contained no provision with reference to the use of depreciation in the computation of gain or loss. The Supreme Court in *United States* v. *Ludey*, 274 U. S. 295, held that such reduction should be in the amount of the allowable depreciation or depletion. This it held upon the theory that the deduction for depletion is " to be regarded as a return of capital," and it is obvious that depreciation is to be similarly regarded.

Prior to the Revenue Act of 1921, none of the revenue acts specified the basis for depreciation of property acquired prior to March 1, 1913, but I think it is now commonly conceded that under such prior acts the value on that date is the basis. See *Appeal of J. J. Gray*, 2 B. T. A. 672. It is the value on that date which is to be returned to the taxpayer through the annual deductions. Regardless of the depreciation sustained prior to that date, he is entitled to have his deduction computed and allowed upon that basis, and the sum of such allowable deductions must be deducted from the cost or March 1, 1913, value in the computation of gain or loss.

In every case where property was acquired prior to March 1, 1913, and sold or disposed of after that date, the March 1, 1913, value must be considered in determining accurately the amount of the taxable gain or deductible loss. It may or may not be a limitation on the gain or the loss depending upon, in the first instance, whether such value is greater than the cost, and in the second instance, whether it is less than cost.

In ascertaining the March 1, 1913, value, theories and formulas should be put aside and the determination made upon actualities. See *Rockford Malleable Iron Works*, 2 B. T. A. 819. But inevitably, since depreciation. in the sense of wear and tear, takes place to a greater or lesser degree, in all depreciable property, such depreciation affects the March 1, 1913, value and is reflected therein although it may be that other elements, such as appreciation in value,

are also reflected. In the instances where the March 1, 1913, value is used as the basis for the determination of gain or loss, the reduction of such basis by the amount of depreciation sustained prior to March 1, 1913, would in itself practically result in the allowance of a double deduction for depreciation. It seems to me quite clear that Congress intended that only the allowable depreciation should be deducted from the cost or March 1, 1913, value in determining gain or loss. The further reduction of such basis by the amount of the depreciation sustained prior to March 1, 1913, would destroy the mathematical and economical precision of the fundamental principle.

My conclusion in this respect finds ample support in the legislative history. In section 202 (b) (2) of the Revenue Act of 1926, Congress, for the first time, enacted a statute requiring the reduction of the basis by the amount of depreciation sustained prior to March 1,1913. The last sentence of such paragraph reads as follows:

In addition, if the property was acquired before March 1, 1913, the basis (if other than the fair market value as of March 1, 1913) shall be diminished in the amount of exhaustion, wear and tear, obsolescence, and depletion actually sustained before such date.

The report of the Ways and Means Committee to the House of Representatives, with reference to this new provision, is as follows:

When property is acquired prior to March 1, 1913, the present law provides that in the case of a sale of such property the basis for determining gain or loss shall be cost or March 1, 1913, value, whichever is higher; and also provides that in making adjustments for depreciation, etc., proper adjustment shall be made for depreciation, etc., "previously allowed." Owing to the fact that there was no income tax prior to March 1, 1913, in cases where property was acquired prior to that date no depreciation has been "allowed," and the taxpayer may receive too large a basis for determining gain or loss. The amendment proposed provides that the deductions for depreciation, etc., to be made in such cases shall be such deductions as were actually sustained with respect to such property, which would include such depreciation as had occurred prior to that date.

The report of the Senate Finance Committee with reference to the new provision, reads as follows:

When property was acquired prior to March 1, 1913, the present law provides that in the case of a sale of such property the basis for determining gain or loss shall be cost or March 1, 1913, value, whichever is higher; and also provides that in making adjustments for depreciation, etc., proper adjustment shall be made for depreciation, etc., "previously allowed." Owing to the fact that there was no income tax prior to March 1, 1913, in cases where property was acquired prior to that date no depreciation has been "allowed," and the taxpayer may receive too large a basis for determining gain or loss. The amendment proposed provides that the deductions for depreciation, etc., to be made in such cases shall be such deductions as were actually sustained with respect to such property, which would include such depreciation as had occurred prior to that date.

Under existing law in the case of determining gain from the sale or other disposition of property, the cost or March 1, 1913, value of such property is required to be reduced by the amount of depreciation or depletion allowed under prior income tax laws. It has been claimed that the effect of this provision is to allow a taxpayer to elect to take no depreciation or depletion against his annual income and to permit him to write off the entire cost or March 1 value at time of sale. The bill as passed by the House provides that the cost or March 1, 1913, value in the case of sale shall be reduced by the amount of depreciation or depletion allowable under prior income tax acts in computing the gain subject to tax. It is believed that the rule stated by the House bill is the correct rule and that all taxpayers should be required to take proper annual deductions for depreciation and depletion.

It seems to me clear that in the computation of gain or loss resulting from the sale or other disposition of property acquired prior to March 1, 1913, and sold prior to the effective date of the Revenue Act of 1926, the basis, whether such basis be cost or March 1, 1913, value, may be reduced only by the amount of depreciation sustained subsequent to March 1, 1913, and allowable under the various revenue acts in effect since such date.

MURDOCK, SMITH, SIEFKIN, TRUSSELL, TRAMMELL, and VAN FOSSAN concur in the dissent.