TITLE INSURANCE & TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9195. Promulgated March 28, 1928.

*A. Calder Mackay, Esq.*, and *George N. Thompson, Esq.*, for the petitioner.

*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

TRUSSELL: The amount of $1,670 tax paid by petitioner in 1919 to Los Angeles County upon escrow deposits constituted an expense in the ordinary conduct of its regular business of accepting deposits in escrow for which service it charged a regular fee. The amount of the said tax is a proper deduction from petitioner's gross income for 1919 under section 234 (a) (3) of the Revenue Act of 1918, which provides for the deduction of taxes, paid or accrued within the taxable year, imposed by authority of any county or other taxing subdivision of any State or Territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed.

The amount of $366.81 taxes assessed by the State of California, upon petitioner's capital stockholdings in various banks, should be deducted as agreed to by counsel for the parties hereto.

The third issue raises the question of the amount of the loss sustained by petitioner upon the disposition in 1919 of property acquired prior to March 1, 1913. Expert testimony adduced at the hearing on this proceeding was to the effect that the March 1, 1913, value of the property was $125,000, which amount was in excess of cost. The evidence establishes the cost, dates of acquisition and disposition and the life of the building as set out in the findings of fact. In computing the amount of the loss respondent has reduced the cost by depreciation at a rate of 2.5 per cent per annum from date of acquisition to date of disposition. Petitioner claims that the rate of depreciation should be 1.666 per cent per annum and that the original cost should not be reduced by depreciation sustained prior to March 1, 1913. The disposition of this question is controlled by the Board's decision in *Noaker Ice Cream Co.*, 9 B. T. A., 1100, and upon the authority of that decision, in computing the amount of the loss sustained, the building should be depreciated from date of acquisition to date of disposition.

The rate of depreciation should be 1.666 per cent per annum, the evidence having established that the building had a life of 60 years from date of construction.

*Judgment will be entered upon 20 days' notice, pursuant to Rule 50.*