## WALSH, COLLECTOR OF INTERNAL REVENUE, *v.* BREWSTER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

No. 742.   Argued March 10, 11, 1921.—Decided March 28, 1921.

1. Bonds bought as an investment in 1909 were sold in 1916 for the amount originally paid, which was more, however, than their market value on March 1, 1913. *Held,* that there was no taxable income. P. 537. *Goodrich* v. *Edwards, ante,* 527.

2. Bonds bought in 1902–1903 were sold in 1916 at an increase over the investment price and at a still larger increase over their market value on March 1, 1913. *Held,* that the gain over the investment was the income taxable. P. 538. *Goodrich* v. *Edwards, ante,* 527.

3. Interest should not be added to the original investment in computing the amount of gain—income—upon a sale. P. 538.

4. A stock dividend *held* not income of the stockholder. P. 538. *Eisner* v. *Macomber,* 252 U. S. 189.

268 Fed. Rep. 207, reversed in part and affirmed in part.

THE case is stated in the opinion.

*The Solicitor General* for plaintiff in error.

*Mr. William D. Guthrie* and *Mr. Henry F. Parmelee,* with whom *Mr. George D. Watrous* and *Mr. Barry Mohun* were on the brief, for defendant in error.

*Mr. H. Edgar Barnes*, by leave of court, filed a brief as *amicus curiæ*.

MR. JUSTICE CLARKE delivered the opinion of the court.

In this case the defendant in error sued the plaintiff in error, a collector of Internal Revenue, to recover income taxes for the year 1916, assessed in 1918, and which were paid under protest to avoid penalties. The defendant answered, the case was tried upon an agreed statement of facts, and judgment was rendered in favor of the taxpayer, the defendant in error. The case is properly here by writ of error. *Towne* v. *Eisner*, 245 U. S. 418.

The defendant in error was not a trader or dealer in stocks or bonds, but occasionally purchased and sold one or the other for the purpose of changing his investments.

Three transactions are involved.

The first relates to bonds of the International Navigation Company, purchased in 1899, for $191,000, and sold in 1916 for the same amount. The market value of these bonds on March 1, 1913, was $151,845, and the tax in dispute was assessed on the difference between this amount and the amount for which they were sold in 1916, viz, $39,155.

The trial court held that this apparent gain was capital assets and not taxable income under the Sixteenth Amendment to the Constitution of the United States, and rendered judgment in favor of the defendant in error for the amount of the tax which he had paid.

The ground upon which this part of the judgment was justified below is held to be erroneous in No. 608, *Merchants' Loan & Trust Co.* v. *Smietanka*, this day decided, *ante*, 509, but, since the owner of the stock did not realize any gain on his original investment by the sale in 1916, the judgment was right in this respect, and under authority of the opinion and judgment in No. 663, *Goodrich* v. *Ed-*

*wards,* also rendered this day, *ante,* 527, this part of the judgment is affirmed. ·

The second transaction involved the purchase in 1902 and 1903 of bonds of the International Mercantile Marine Company for $231,300, which were sold in 1916 for $276,150. This purchase was made through an underwriting agreement such that the purchaser did not receive any interest upon the amount paid prior to the allotment to him of the bonds in 1906, and he claimed that interest upon the investment for the time which so elapsed should be added as a part of the cost to him of the bonds. But this claim was properly rejected by the trial court under authority of *Hays* v. *Gauley Mountain Coal Co.,* 247 U. S. 189.

· It is stipulated that the market value of these bonds on March 1, 1913, was $164,480, and the collector assessed the tax upon the difference between the selling price and this amount, but since the gain to the taxpayer was only the difference between his investment of $231,300 and the amount realized by the sale, $276,150, under authority of No. 663, *Goodrich* v. *Edwards,* this day decided, he was taxable only on $44,850.

The District Court, however, held that any gain realized by the sale was a mere conversion of capital assets and was not income which could lawfully be taxed. In this respect the court fell into error. The tax was properly assessed, but only upon the difference between the purchase and selling price of the bonds as stated.

The third transaction related to stock in the Standard Oil Company of California, received through the same stock dividend involved in *Eisner* v. *Macomber,* 252 U. S. 189. The District Court, upon authority of that case, properly held that the assessment made and collected upon this dividend should be refunded to the defendant in error.

It results that as to the profit realized upon the second transaction, as indicated in this opinion, the judgment of the District Court is reversed, but as to the other transac-

tions it is affirmed for the reasons and upon the grounds herein stated.

*Judgment reversed in part, affirmed in part, and case remanded.*

MR. JUSTICE HOLMES and MR. JUSTICE BRANDEIS, because of prior decisions of the court, concur only in the judgment.