## THE UNITED STATES *v.* FLANNERY ET AL., EXECUTORS OF THE ESTATE OF JAMES J. FLANNERY, DECEASED.

### APPEAL FROM THE COURT OF CLAIMS.

No. 527. Argued January 12, 1925.—Decided April 13, 1925.

1. The Revenue Act of 1918 provided that net income should include " gains " derived from sales or dealings in property, §§ 212 (a), and 213 (a); that there should be allowed as deductions " losses " sustained during the taxable year " incurred in any transaction entered into for profit," § 214 (a); and that " for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property . . . the basis shall be—(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and (2) In the case of property acquired on or after that date, the cost thereof." § 202 (a). *Held:*

(*a*) That the provisions of the act in reference to the gains derived and the losses sustained from the sale of property acquired before March 1, 1913, were correlative, and that whatever effect was intended to be given to the market value of property on that date in determining taxable gains, a corresponding effect was intended to be given to such market value in determining deductible losses;

(*b*) That the Act of 1918 imposed a tax and allowed a deduction to the extent only that an actual gain was derived or an actual loss sustained from the investment, and the provision in reference to the market value on March 1, 1913, was applicable only where there was such an actual gain or loss, that is, that this provision was merely a limitation upon the amount of the actual gain or loss that would otherwise have been taxable or deductible. *Goodrich* v. *Edwards,* 255 U. S. 527; *Walsh* v. *Brewster, Id.* 536. P. 100.

2. Decisions of this Court affecting the business interests of the country should not be disturbed except upon the most cogent reasons. P. 105.

59 Ct. Cls. 719, reversed.

APPEAL from a judgment of the Court of Claims allowing recovery of an income tax paid under protest.

*The Solicitor General,* with whom *Messrs. Nelson T. Hartson,* Solicitor of Internal Revenue, and *Frederick W. Dewart,* Special Attorney, were on the brief, for the United States.

*Mr. Edward S. Burling,* with whom *Mr. Spencer Gordon* was on the brief, for appellees.

*Messrs. Richard W. Hale* and *Reginald H. Smith* filed a brief as *amici curiae,* by special leave of Court.

*Messrs. Sanford Robinson, Arthur Ballantine* and *Bernhard Knollenberg,* also filed a brief as *amici curiae,* by special leave of Court.

MR. JUSTICE SANFORD delivered the opinion of the Court.

James J. Flannery bought, prior to March 1, 1913, certain corporate stock for less than $95,175. Its market value on March 1, 1913 was $116,325. He sold it in 1919 for $95,175, that is, for more than cost. He died in March, 1920. The executors of his estate in returning his income for the year 1919 deducted, as a loss, the difference between the market value of the stock on March 1, 1913, and the price received. The Commissioner of Internal Revenue disallowed the loss claimed, and an additional tax was assessed. The executors paid this under protest, and thereafter, a claim for refund having been denied, brought this action in the Court of Claims to recover the amount paid. Judgment was rendered in their favor. 59 Ct. Cls. 719.

The question presented is whether, under the income tax provisions of the Revenue Act of 1918,[1] a deductible loss was sustained by the sale of the stock in 1919 for more than it had cost, by reason of the fact that on March 1,

---

[1] Act of Feb. 24, 1919, c. 18, Title II, 40 Stat. 1057.

1913, between the dates of purchase and sale, it had a market value greater than the sale price.

This Act provided that net income should include "gains" derived from sales or dealings in property, §§ 212 (a), 213 (a); that there should be allowed as deductions "losses" sustained during the taxable year "incurred in any transaction entered into for profit", § 214 (a); and that "for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property . . . the basis shall be—(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and (2) In the case of property acquired on or after that date, the cost thereof . . ." § 202 (a).

The United States contends that under § 214 (a) there was no deductible loss whatever unless the taxpayer had sustained an actual "loss" in the entire transaction by selling the property for less than it had cost; and that the effect of § 202 (a) was merely that if such an actual loss had been sustained in selling property acquired before March 1, 1913, only so much thereof could be deducted as was sustained after the latter date, that is, the difference between the market value on that date and the sale price.

The executors contend, on the other hand, that § 202 (a) established the market value of such property on March 1, 1913, as the sole basis for ascertaining the loss sustained, without regard to its actual cost; and that if such market value was higher than the sale price, this conclusively determined that there had been a deductible "loss" in the transaction, and fixed the amount thereof at the difference between the market value on that date and the sale price.

It is clear, in the first place, that the provisions of the Act in reference to the gains derived and the losses sustained from the sale of property acquired before March 1, 1913, were correlative, and that whatever effect was intended to be given to the market value of property on

that date in determining taxable gains, a corresponding effect was intended to be given to such market value in determining deductible losses. This conclusion is unavoidable under the specific language of § 202 (a) establishing one and the same basis for ascertaining both gains and losses.

Taking this as a premise, we think that the question of determining taxable gains is concluded, in accordance with the contention of the Government, by the decisions of this Court in *Goodrich* v. *Edwards,* 255 U. S. 527, and *Walsh* v. *Brewster,* 255 U. S. 536. These cases, which were decided in 1921, arose under the income tax provisions of the Revenue Act of 1916.[2] That Act provided, as did the Act of 1918, that the " gains " derived from sales or dealings in property should be included in net income[3], and also that the losses actually sustained in transactions entered into for profit should be allowed as deductions.[4] In the Act of 1916, however, the provisions for the ascertainment of the gains derived and losses sustained from the sale of property were not contained, as in the Act of 1918, in one provision, but in separate clauses of the same tenor and effect as the combined provision in the Act of 1918. Section 2 (c) provided that: " For the purpose of ascertaining the gain derived from the sale or other disposition of property . . . acquired before " March 1, 1913, " the fair market price or value of such property as of " March 1, 1913, " shall be the basis for determining the amount of such gain derived." The correlative clause relating to the ascertainment of loss was in precisely the same language except that the words " the loss " and " loss sustained " wore used instead of the words " the gain " and " gain derived." [5]

---

[2] Act of Sept. 8, 1916, c. 463, 39 Stat. 756.

[3] § 2 (a).

[4] § 5 (a) Fifth.

[5] § 5 (a) 4th.

In *Goodrich* v. *Edwards, supra,* in the second transaction involved, the taxpayer had acquired in 1912 certain corporate stock of the then value of $291,600. Its market value on March 1, 1913, was only $148,635.50. He sold it in 1916 for $269,346.25, being $22,253.75 less than its value when acquired, but $120,710.75 more than its value on March 1, 1913. A tax was assessed on the latter amount, which was sustained by the trial court. The Government confessed error in this judgment. After reciting this fact and setting forth the pertinent provisions of the Act, this court, in reversing the judgment, said: " It is . . . very plain that the statute imposes the income tax on the proceeds of the sale of personal property to the extent only that *gains* are derived therefrom by the vendor, and we therefore agree with the Solicitor General that since no gain was realized on this investment by the plaintiff in error no tax should have been assessed against him. Section 2(c) is applicable only where a gain over the original capital investment has been realized after March 1, 1913, from a sale or other disposition of property."

This case was followed by *Walsh* v. *Brewster, supra.* In the first transaction there involved the taxpayer had purchased bonds in 1899 for $191,000, which he sold in 1916 for the same amount. Their market value on March 1, 1913, was $151,845. A tax was assessed on the difference between the latter amount and the selling price, namely, $39,155. This tax was held invalid, under the authority of *Goodrich* v. *Edwards,* on the specific ground that " the owner of the stock did not realize any gain on his original investment by the sale in 1916." In the second transaction involved the taxpayer had purchased certain bonds in 1902 and 1903 for $231,300, which he sold in 1916 for $276,150. Their market value on March 1, 1913, was $164,480. A tax was assessed upon the difference between the selling price and the market value of

the bonds on March 1, 1913. It was held, however, that " since the gain of the taxpayer was only the difference between his investment of $231,300 and the amount realized by the sale, $276,150," under the authority of *Goodrich* v. *Edwards*, " he was taxable only on $44,850," the difference between the purchase and sale prices.

These decisions are equally applicable to the Act of 1918. There is no difference in substance between the language of the two Acts in respect to the ascertainment of the gain derived or loss sustained from the sale of property acquired before March 1, 1913; and the correlative nature of these two provisions is emphasized in the Act of 1918 by their combination in one and the same sentence. As it was held in these decisions that the Act of 1916 imposed a tax to the extent only that gains were derived from the sale, and that the provision as to the market value of the property on March 1, 1913, was applicable only where a gain had been realized over the original capital investment, so we think it should be held that the Act of 1918 imposed a tax and allowed a deduction to the extent only that an actual gain was derived or an actual loss sustained from the investment, and that the provision in reference to the market value on March 1, 1913, was applicable only where there was such an actual gain or loss, that is, that this provision was merely a limitation upon the amount of the actual gain or loss that would otherwise have been taxable or deductible.

We cannot sustain the contention that the decision in *Goodrich* v. *Edwards* is not entitled to controlling weight in the matter of deductible losses because of the Government's confession of error, or because it involved the question of taxable gains, as to which it is said, that under a different construction of the Act a grave constitutional question would have arisen which could have no application to the question of deductible losses. The decision shows that it was not based on the confession of error or

on any constitutional question, but upon the conclusion that, as a matter of construction, it was " very plain " that the statute imposed a tax upon the proceeds of sales "to the extent only that gains are derived therefrom by the vendor." [6] The language of the opinion is specific and unambiguous; it embodied the reasoned judgment of the court as to the proper construction of the Act; and it applies equally to the construction of the similar provisions of the Act of 1918, relating to gains and losses alike.

This was recognized by the Treasury Department, which promptly amended its former Regulations by incorporating therein " the rule announced by the Supreme Court in the cases of *Goodrich* v. *Edwards* and *Walsh* v. *Brewster* respecting the basis for the determination of taxable gains or deductible losses in the case of property acquired prior to March 1, 1913, and sold or disposed of subsequent thereto." 23 T. D. 763, 764. To the same effect is the opinion thereafter given to the Secretary of the Treasury by the Attorney General in reference to taxable gains and deductible losses under both of the Acts. 33 Op. Atty. Gen. 291. And, it may be noted, a like construction has been independently given by the courts of New York, without reference to any constitu-

---

[6] It distinctly appeared from the Solicitor General's brief that the confession of error was not made because of any constitutional question, to which he made only an incidental reference, but because he was " forced to the conclusion " that, as a matter of construction of the Act, it was clear that it imposed a tax only on the " gains " derived from the sale of property, and that § 2(c) could have "no application until it is first ascertained, by comparing the purchase and selling prices, that there had been an actual gain." And this was followed by the statement that in the Government's view the similar provision relating to losses must be construed in the like manner, " that is, it must first be ascertained by comparing the purchase and selling price that a loss on the entire transaction has been sustained."

tional question, to the Income Tax Law of that State, in which the provisions relating to gains derived and losses sustained from the sale of property, are a substantial transcript of those of the Act of 1918, except that January 1, 1919, is substituted for March 1, 1913; this construction being embodied in a series of decisions, the first of which, relating to taxable gains, was written before those in *Goodrich* v. *Edwards* and *Walsh* v. *Brewster* were announced. *People ex rel. Klauber* v. *Wendell,* 196 App. Div. 827, affirmed, without opinion, 232 N. Y. 549; *People ex rel. Keim* v. *Wendell,* 200 App. Div. 388; *Re Application of Bush,* 206 App. Div. 800.

It is unnecessary to consider in detail, as in a matter of first impression, various contentions urged in behalf of the executors in respect to the construction that should be given to the provisions of the Act of 1918 in reference to deductible losses. For the reasons stated we think that the question should be resolved according to the earlier decisions; and nothing has been suggested which disposes us to depart from them now. Decisions affecting the business interests of the country should not be disturbed except for the most cogent reasons. *National Bank* v. *Whitney,* 103 U. S. 99, 102.

Since Flannery sustained no actual loss in the transaction in question, having sold the stock for more than it had cost, his executors were not entitled to the deduction which they claimed because it was sold at less than its market value on March 1, 1913.

The judgment of the Court of Claims is accordingly

*Reversed.*

Mr. Justice McReynolds and Mr. Justice Sutherland dissent.