Appeal of RIVER AND RAIL STOR-    Docket No. 1233.
AGE CO.

Where property is acquired prior to March 1, 1913, and sold in 1918 for an amount greater than cost, but less than March 1, 1913, market value, no profit or loss is sustained.
March 1, 1913, value of land determined upon the evidence.

Submitted March 23, 1925; decided May 5, 1925.

*Homer K. Jones, C. P. A.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before JAMES, PHILLIPS, STERNHAGEN, TRAMMELL, and TRUSSELL.

### FINDINGS OF FACT.

The taxpayer was a Tennessee corporation with its principal office in the City of Memphis, Tennessee, and was, in 1918, and for many years prior thereto, engaged in the operation of a storage business. It is now liquidated and has empowered its former officers to settle its Federal tax liability.

In February, 1924, the Commissioner assessed income and profits taxes for 1918 in the sum of $10,309.51. This assessment was made without granting the taxpayer the benefits of section 250 (d) of the Revenue Act of 1921. On November 6, 1924, the Commissioner mailed to the taxpayer a letter rejecting the taxpayer's claim for abatement of such taxes, and from such letter the taxpayer takes this appeal.

In 1902 the taxpayer acquired certain land and buildings for a total consideration of $75,000, which were entered upon the taxpayer's books and records in an account known as the " Plant Account," to which additions were made from time to time. On March 1, 1913, the land and buildings were carried on the taxpayer's books and records at $112,734.92, and on the date of sale at $119,315.07 before depreciation. The buildings consisted of a wooden storehouse, a corrugated iron storehouse and a brick storehouse, and were erected in or about the year 1902. Depreciation at the rate of 5 per cent, on an agreed value of $60,000 for the buildings, was taken by the taxpayer for the years 1916, 1917, and 1918, totaling $9,000, and leaving a net balance upon the taxpayer's books for the land and buildings as of the date of sale of $110,315.07. No depreciation was taken upon the buildings between March 1, 1913, and December 31, 1915. A reasonable depreciation for such a period would be $8,500, based upon the depreciation claimed by the taxpayer for 1916, 1917, and 1918, reducing the cost of land and buildings, after depreciation on the buildings, to $101,815.07 on the date of sale.

The taxpayer in the operation of its business acquired certain equipment consisting of boilers, machinery, elevators, conveyors, trucks, scales, etc., which were used by it in its business. The depreciated cost of the equipment sold was $13,561.17 as of the date of sale.

In 1918 the land, buildings, and equipment were sold by the taxpayer for $180,000.

The reasonable value on March 1, 1913, of the land included in such sale was $145,000, and the agreed value on March 1, 1913, of the buildings included in such sale was $60,000, from which must be deducted depreciation of $17,500.

Based upon cost, less depreciation on the land, buildings, and equipment, the taxpayer realized a gain of $64,623.76 upon this sale. Based upon March 1, 1913, values, less depreciation, the taxpayer sustained a loss of $21,061.17.

### DECISION.

The deficiency should be recomputed in accordance with the following opinion. Final decision will be settled on consent or on ten days' notice, in accordance with Rule 50.

OPINION.

PHILLIPS: In 1918 the taxpayer sold certain land, buildings, and equipment for $180,000. The Commissioner allowed a March 1, 1913, value of the property sold of $180,000, from which he deducted depreciation of $22,587.15, and on this basis computed a profit on this sale of $22,587.15. The taxpayer claims that the Commissioner erred in computing depreciation and in the determination of the March 1, 1913, value.

During each of the years 1916, 1917, and 1918, the taxpayer claimed and deducted depreciation at 5 per cent on an agreed value for the buildings of $60,000, but no depreciation was taken by it from March 1, 1913, to December 31, 1915, the taxpayer claiming that depreciation during these years had been arrested by repairs. The testimony does not sustain this contention and we have found that depreciation should be taken at the same rate for this period as was taken by the taxpayer in 1916, 1917, and 1918.

Testimony as to March 1, 1913, value of the land was conflicting. It appears that the property is situated in Memphis, Tennessee; is triangular in shape with a deep-water frontage of approximately 1,500 feet on the Mississippi River, the two sides of the triangle being approximately 1,000 feet each and the entire tract containing between 9½ and 10 acres. There is a bluff which rises a short distance back from the river, and the warehouses of the taxpayer are situated on the high ground back of this bluff. There are facilities for unloading boats on the river by means of inclines to the top of the bluff. The property also had upon it in 1913 three railroad sidetracks providing sufficient space to permit loading and unloading of 45 cars. There were three large warehouses—one of wood, one of corrugated iron, and one of brick, all erected about 1902.

The taxpayer relied upon the testimony of a qualified real estate expert familiar with the property prior to 1913 who had dealt in nearby property and who, basing his opinions upon sales of property in the vicinity in 1911 and 1912, estimated the March 1, 1913, value of this land without the buildings at 60 cents per square foot, or a total of over $180,000. The lowest price upon any of these sales testified to by him was 48 cents per square foot, and this was for land on the river within 500 feet of the taxpayer's property. The Commissioner relied upon the testimony of a valuation engineer who had never seen the property, was not familiar with values of land in the vicinity, and based his conclusions upon the rental received from a lease of a portion of the land, this lease being to one of the railroad companies upon which the taxpayer depended for cars to carry on its business. Upon this testimony we conclude that the March 1, 1913, value is most reasonably reflected at 48 cents per square foot, or a total of $145,000 for the land without buildings.

Since the property was sold in 1918 for an amount greater than cost but less than the March 1, 1913, market value, no taxable profit or deductible loss was sustained by the taxpayer, *Goodrich* v. *Edwards*, 255 U. S. 527; *United States* v. *Flannery* 268 U. S. 98. So far as the deficiency determined by the Commissioner was based upon including as income any gain upon this transaction, it must

be disallowed. As it is not clear from the record whether the entire deficiency resulted in this manner or a part from other adjustments, the final determination will be settled on consent or notice.