*284 OPINION.
Murdock :
With the exception of William W. Porter, none of the petitioners herein have pointed to any particular section of the Revenue Act as authority for the deduction claimed. They all contend, however, that the transaction was entered into for profit. William W. Porter claims the deduction under section 214 (a) (5) of the Revenue Act of 1921. We will discuss the case as if each petitioner were claiming a loss under this section, or, in the case of Samuel F. Houston, the corresponding section of the Revenue Act of 1918, because we can think of no other section of these Revenue Acts which would give any more support to the petitioner’s contentions. These sections provide for the deduction of “Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business * *
We need not discuss at length the question of whether or not the petitioners entered into this transaction for profit, since for another reason we can not allow the deductions which they claim.
In consideration of the money subscribed and paid to the so-called guaranty fund, each subscriber thereto acquired certain rights which were thenceforth his property and which cost him the amount of his subscription. On March 1, 1913, each subscriber still had these same rights. If he disposed of them in 1920 or in 1921, then under section 202 (a) (1) of the Revenue Act of 1918, as interpreted by the courts and by this Board, and under the express provisions of section 202 (b), the loss, if any, from the disposition of those rights, the subject matter of the entire transaction, would be the difference between what was ultimately received for the rights and their cost, or March 1, 1913, value,, whichever was lower. See the Acts referred to; *285 Goodrich v. Edwards, 255 U. S. 527; Walsh v. Brewster, 255 U. S. 536; United States v. Flannery, 268 U. S. 98; McCaughn v. Ludington, 268 U. S. 106; Anniston City Land Co., 2 B. T. A. 526; Frank C. Stearns, 5 B. T. A. 958; and also Ayer v. Blair, 26 Fed. (2d) 547.
The subscribers to the so-called guaranty fund in accordance with their agreement paid to the Real Estate Trust Co. $2,505,000 in the year 1906. This money was thenceforth the property of the Real Estate Trust Co. and the subscribers to the fund were to look solely to the excess proceeds which the Real Estate Trust Co. might subsequently realize on certain assets which were called “ Segal Matters.” If and when the amount realized by the Real Estate Trust Co. from the administration of these “ Segal Matters ” amounted to $3,000,000, any additional amount which might thereafter be realized from the further administration or disposition of these assets was to belong to the subscribers to the fund. The subscribers could at no time withdraw their subscriptions, but if a purchaser could have been found they could at any time have sold their rights under the subscription agreement. The Real Estate Trust Co. was only required to use due diligence and reasonable judgment in the administration, disposition and final liquidation of the “Segal Matters.”’ It began to administer these assets in 1906, and it had not completed its task at the end of 1920. We know nothing of the amount, realized by the company from any of these assets prior to December 30, 1920. The record in this case gives no basis for a conclusion that during all of this time the value of the rights which subscribers to the fund acquired in 1906 remained constant. No effort has been made to show us what the March 1, 1913, value of the rights in question were or whether indeed these rights had any value on that date. Consequently, we can not do otherwise than approve the determination of the Commissioner.
In addition, in the case of Sallie H. Henry, it clearly appears that her brother Samuel F. Houston, as her agent, received her share of the Pennsylvania Sugar Co. stock in the year 1920. The mere fact that he did not deliver the shares to her in person in the year 1920 would not delay the closing of the transaction for income-tax purposes or entitle her to deduct any resulting loss in 1921 rather than in 1920.
The petitioner William W. Porter has alleged an additional error as set out in our opening statement above. He admits that the decisions of this Board have been adverse to his contention, but calls our attention to the case of Woodworth v. Kales, 26 Fed. (2d) 178. A careful consideration of the latter case leads us to the conclusion that the decision therein was based upon facts substantially different from those involved in the present case and that the court in deciding the Kales case indicated that it did not intend to decide *286 such a case as is now before us. A case more nearly in point is the Dallas Brass & Copper Co., 3 B. T. A. 856, and following that case we hold against the petitioner. See also James Couzens, 11 B. T. A. 1040, and Rosetta V. Hauss, 12 B. T. A. 755.

Judgment will be entered for the respondent.