**SMITH v. NICHOLS, Collector of Internal Revenue.**

District Court, D. Massachusetts. October 10, 1928.

No. 2522.

J. Butler Studley and Dunbar, Nutter & McClennen, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge. Charles S. Smith, the plaintiff, in 1903 purchased 234 shares of the capital stock of the Tamarack Mining Company at a price of $115 per share, or for the total sum of $26,910. In 1917 he sold all of this specific stock at a price of $60 per share, or for the total sum of $14,040. This stock on March 1, 1913, had a total market value of $7,020, or $30 per share. The plaintiff, in his federal income tax return for the calendar year 1917, claimed as a loss the difference between the price paid for said stock and the price at which it was sold, namely, $12,870, and deducted said sum from his gross income in determining the net income subject to tax. The Commissioner of Internal Revenue disallowed this sum as a deduction, and increased the net income as reported by said sum, and assessed an additional tax thereon of $4,868.72.

This additional tax was paid under protest, and, a claim for refund having been denied, plaintiff brings this suit to recover such tax.

I readily agree with the district attorney that this case is controlled by recent decisions of the Supreme Court. In order to dispose of the question raised, I find it unnecessary to go beyond Goodrich v. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758; Walsh v. Brewster, 255 U. S. 536, 41 S. Ct. 392, 65 L. Ed. 762; United States v. Flannery, 268 U. S. 98, 45 S. Ct. 420, 69 L. Ed. 865; McCaughn v. Ludington, 268 U. S. 106, 45 S. Ct. 423, 69 L. Ed. 868.

I also agree that Goodrich v. Edwards, supra, is authority for the proposition that, where the March 1, 1913, value is greater than the purchase price, but less than the selling price, the gain is to be measured by the difference between the selling price and the March 1, 1913, value. But it is also authority for the proposition that there is no

gain, where the selling price is less than cost, though greater than the March 1, 1913, value.

In Walsh v. Brewster, supra, the second transaction involved presented a case where the March 1, 1913, value was less than cost, and the selling price greater than cost. The court there held that there was a gain resulting from the transaction, taxable as income, but that this gain was the difference between the cost and the selling price, rather than the difference between the March 1, 1913, value and the selling price. This conclusion was reached, notwithstanding the provisions of the Revenue Act of 1916, 39 Stat. 758, § 2(c), which provided that:

"For the purpose of ascertaining the gain derived from the sale or other disposition of property, * * * acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such gain derived."

In United States v. Flannery, supra, and McCaughn v. Ludington, supra, the court dealt with the right of taxpayers to deduct losses sustained from the sale of property under the provisions of the Revenue Act of 1918 (40 Stat. 1057), which, as the court points out in the Flannery Case, were in substance the same as the provisions of the Revenue Act of 1916. It is clear from these decisions that the provisions of the 1916 act (section 5(a) Fourth), "That for the purpose of ascertaining the loss sustained from the sale or other disposition of property, * * * acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such loss sustained," must be construed in the light of Goodrich v. Edwards and Walsh v. Brewster, and that, where a loss was actually sustained, it was deductible, but only to the extent measured by the difference between the purchase and sale prices of the property, where the cost was less than the March 1, 1913, value.

McCaughn v. Ludington, supra, involved a transaction where the market value on March 1, 1913, was more than cost, but the selling price less than the purchase price, and the deductible loss was held to be the difference between the purchase price and the selling price; the court applying identically the same principle to a loss sustained as was applied to a gain derived in Walsh v.

Brewster, supra. The only difference between the Ludington Case and the case at bar is that the March 1, 1913, value was less than the selling price, instead of greater.

But, if we apply the decision in the Flannery Case, as interpreted by Mr. Justice Sanford in the Ludington Case, the act would allow a deduction of an actual loss sustained, measured by the difference between the purchase and sale price of the property, and this rule would apply with equal force, whether the March 1, 1913, price was greater or less than the selling price.

It is argued by the government that the theory underlying these decisions is that only the gain or loss accruing subsequent to March 1, 1913, is taxable or deductible. It is difficult to accept this argument, in view of the language of the court in the Flannery Case, where it is said that the decision in Goodrich v. Edwards was not based on any constitutional question, "but upon the conclusion that, as a matter of construction, it was 'very plain' that the statute imposed a tax upon the proceeds of sales 'to the extent only that gains are derived therefrom by the vendor.' The language of the opinion is specific and unambiguous; it embodied the reasoned judgment of the court as to the proper construction of the act. * * *"

As I read these cases, they support the proposition that, if there was an actual gain derived, that actual gain was to be the measure of the income, except where the 1913 value is more than cost and less than the selling price, in which case the taxable gain would be the difference between the 1913 value and the selling price. And since the provisions relating to losses are given similar effect, actual losses sustained from the sale or disposition of property are to be deducted, unless the 1913 value is less than the purchase price and more than the selling price, in which event the difference between the 1913 value and the selling price would be the measure of the loss.

I have reached the conclusion, therefore, that upon a construction of the Revenue Act of 1916, compelled by the decisions above considered, I must hold that the plaintiff in this action is entitled to the deduction he claims, and which was disallowed by the Commissioner. This conclusion renders it unnecessary for me to consider the constitutional question raised by the plaintiff.

Judgment may be entered for the plaintiff according to his declaration.