LISK MANUFACTURING CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10031, 11438, 19050. Promulgated March 25, 1929.

*Thomas J. Hargrave, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

PHILLIPS: In its decision of March 23, 1928, in the above entitled proceeding the Board found that the petitioner acquired a certain patent at a cost which exceeded the March 1, 1913, value. On proceedings to settle the amount of the deficiency under Rule 50 the question arises whether the deduction for exhaustion of this patent is to be based on cost or on the March 1, 1913, value. The years involved are 1917 to 1920, inclusive.

Section 12 (a) (2) of the Revenue Act of 1916 provided for the deduction of:

All losses actually sustained and charged off within the year and not compensated for by insurance or otherwise, including a reasonable allowance for the exhaustion, wear, and tear of property arising out of its use or employment in the business or trade * * *.

Section 234 (a) (7) of the Revenue Act of 1918 provided:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(7) A reasonable allowance for the exhaustion, wear, and tear of property used in the trade or business; including a reasonable allowance for obsolescence.

Neither of these sections makes any reference to the March 1, 1913, value. If that value plays any part in the determination of the

deduction it can only be because of the provisions of the acts which govern the ascertainment of gain or loss on the sale or other disposition of property.

Sections 2 (c) and 5 (a) of the 1916 Act and section 202 (a) of the 1918 Act provide that for the purpose of ascertaining gain derived or loss sustained upon the sale *or other disposition of property*, the fair market price or value of such property on March 1, 1913, shall be the basis. That these provisions of the Act establish the basis for depreciation can not be doubted since the decision of the Supreme Court in *United States* v. *Ludey*, 274 U. S. 295; 6 Am. Fed. Tax Rept. 6754. In that case the court held that in determining the gain or loss on the sale of property, depreciation and depletion allowable as deductions were to be treated as a part of the cost already recovered. In the course of its opinion the court said:

The depreciation charge permitted as a deduction from the gross income in determining the taxable income of a business for any year represents the reduction, during the year, of the capital assets through wear and tear of the plant used. The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost. The theory underlying this allowance for depreciation is that by using up the plant a gradual sale is made of it. The depreciation charged is the measure of the cost of the part which has been sold.

The court points out in a foot-note that:

Some of the properties were purchased before March 1, 1913. As to these the term " cost " is used, throughout the opinion, as meaning their value as of March 1, 1913, that value being higher than the original cost.

Since one of the questions before the court was the measure of the depreciation, this decision is authority for the principle that when the March 1, 1913, value exceeds the cost, that value is to be used in measuring the depreciation deduction under the Revenue Act of 1916. To the same effect see *J. J. Gray*, 2 B. T. A. 672.

Such a basis follows consistently from the underlying principle that the allowance for depreciation, exhaustion, and depletion is to be regarded as a return of capital arising out of a gradual sale. In *Goodrich* v. *Edwards*, 255 U. S. 527, and *Walsh* v. *Brewster*, 255 U. S. 536, the court held that under the Revenue Act of 1916 taxpayers were entitled to recover the cost or the March 1, 1913, value of their properties, whichever was the higher, before they were subject to any tax upon a gain from the sale thereof. In the *Ludey* case the court adopted for depreciation purposes the same basis used for the determination of a gain and not the basis which it had previously decided was to be used in determining a loss. *United States* v. *Flannery*, 268 U. S. 98. In this latter case the decision of the court

was to the effect that in determining a loss sustained from the sale of property the lower of the cost or the March 1, 1913, value should be used. The adoption by the court of the March 1, 1913, value as the basis for depreciation in the *Ludey* case, because that was higher than cost, indicates, as do various phrases throughout the opinion, that the amount to be recovered is the same as the amount to be recovered in the case of the determination of a gain upon the sale of property. This is also the view previously expressed by the Board in *Even Realty Co.*, 1 B. T. A. 355.

In the *Ludey* case the Supreme Court did not consider the effect of early Treasury decisions and the subsequent revenue acts upon its interpretation of the 1918 Act. In his brief in this proceeding, counsel for the respondent takes the position that these confirm his construction of the 1916 and 1918 Acts. An examination of the history of the law and regulations does not support this contention. They show no well established practice on the part of the Department which it may be said Congress has adopted. The provisions of the Revenue Acts of 1913, 1916, 1917, and 1918 relating to depreciation are substantially the same. Under the 1913, 1916, and 1917 Acts the Commissioner issued regulations, with the approval of the Secretary, which provided that the cost of property should be the basis for the computation of depreciation. As late as February 2, 1917, in Treasury Decision 2446, it was held that depreciation must be based on cost and might not be based on March 1, 1913, value. The 1916 and 1917 Acts were adopted while this interpretation of the 1913 Act was in force and no change was made. It was not until Treasury Decision 2754 was issued on August 23, 1918, that the Department changed its regulations to allow taxpayers to compute depreciation upon the basis of the March 1, 1913, value of their property. At the same time it was provided that in the absence of proof to the contrary it would be assumed that the March 1, 1913, value was the cost of the property less depreciation to that date. This decision was incorporated into the regulations issued under the Revenue Act of 1918.

These interpretations must be examined in the light of the position taken by the Treasury Department at that time that the value of property on March 1, 1913, measured the capital investment for purposes of income tax and that cost was of no importance. Article 1561, Regulations 45, issued under the 1918 Act. The position of the Department regarding depreciation, as expressed in Treasury Decision 2754 and Regulations 45 was consistent with this position and at the same time avoided the administrative difficulties which would have been involved in revaluing all depreciable assets as of March

1, 1913. It was only where some affirmative proof of the March 1, 1913, value was offered that cost was not to be used in measuring depreciation.

In *Goodrich* v. *Edwards*, *supra*, the Supreme Court on March 28, 1921, reversed the Treasury in its position with respect to the part played by March 1, 1913, value in computing gains. The court held that such value was a limitation on actual gains and not the basis for measuring gains; in other words, that a taxpayer was entitled to recover his capital before being subject to tax, despite the interposition of a lower March 1, 1913, value. This necessarily affected all rulings made by the Department which were based on the previously existing fallacious conception of the use to which March 1, 1913, value was confined. In the Revenue Act of 1921 it was provided that depreciation should be based on March 1, 1913, value. The Report of the Senate Finance Committee states that this is "to remove all doubt in the future." In the Revenue Act of 1924 it was provided that the basis should be that used for determining gain or loss. (Section 204 (c).)

This brief review of the law and regulations discloses little that is of aid. The Revenue Acts of 1913, 1916, 1917, and 1918 did not, in terms, fix any basis. The regulations from 1913 to 1918 were limited to the use of cost. In 1918 this was changed to permit the use of March 1, 1913, value, when proved; otherwise cost was used. The subsequent acts have varied in their provisions. We see nothing in this changing situation which would support the argument that there had been any well established practice on the part of the Department or any ratification by Congress of any particular practice through the enactment of subsequent legislation without change.

For the reasons set out earlier in this opinion we hold that for the years in question petitioner is entitled to exhaust its United States patent upon the basis of the cost thereof, such cost being greater than March 1, 1913, value.

There is no basis for allowing any depreciation upon the foreign patents, since it does not appear that such patents were used in the trade or business, nor do the necessary facts appear upon which we might determine a reasonable allowance for the exhaustion thereof during the taxable years.

The parties will submit further computations in accordance herewith under Rule 50.

Reviewed by the Board.