*992 OPINION.
Phillips :
In 1909 the petitioner purchased a residence property. He used this as his principal residence for some years. Later, he used it only as a summer residence. This continued until 1920. The character of the neighborhood having changed and petitioner’s family finding it undesirable, it was definitely abandoned as a residence for his family in 1920. It was offered for rent and for sale and a caretaker was placed in possession. In April, 1922, it was rented and in August, 1923, it was sold. It seems clear that under such circumstances petitioner is entitled to deduct the loss, if any, which was sustained. Heiner v. Tindle, 276 U. S. 582.
The deficiency notice was mailed prior to the decision cited. The Commissioner took the position that no loss could be allowed on property acquired as a residence. The basis for the allowance of a loss of $3,600 does not clearly appear, but presumably it was on the cottage property, which petitioner did not occupy as a residence.
The question arises whether the loss is to be computed upon the basis of its value when abandoned as a residence and offered for sale *993 or for rent, or its value when rented. The first took place in 1920 and the record contains no evidence of value as of that date. The petitioner takes the position that the value at the time the property was leased should be used and has introduced evidence of the value at that time. The decision cited above appears to support this contention. The use of property to produce revenue is there characterized as a transaction entered into for profit. Until there was some appropriation of the property to rental purposes, it still maintained its character as a residence, rather than a business property.
The evidence respecting value in April, 1922, is most unsatisfactory, consisting of the testimony of one real estate operator, who showed little familiarity with prices in this neighborhood, and the record of assessed valuation for taxing purposes. The operator expressed the opinion that the property was worth $80,000 in April, 1922. It was assessed at $47,000. It sold in August, 1923, for $35,000, of which only $6,000 was cash. There is nothing to indicate any substantial drop in prices between 1922 and 1923. Wfe do not feel that any reliance may be placed upon the opinion testimony and are forced to accept the assessed valuation as the only reliable evidence in the record. This makes little difference, however, since the allowable loss can not exceed the actual loss, based upon the difference between cost and selling price with proper allowance for depreciation. United States v. Flannery, 268 U. S. 98; United States v. Ludey, 274 U. S. 295. The evidence is sufficient to establish a cost of only $48,129.50, although undoubtedly this does not represent the entire cost.
Adjustments to both the established cost and the value in April, 1922, should be made for depreciation in accordance with our decision in W. B. Brooks, 12 B. T. A. 31, and the net sales price deducted from the smaller of the two resulting amounts to ascertain the deductible loss sustained.

Decision will be entered under Rule 50.