J. N. STEVERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11179.   Promulgated February 12, 1930.

*William S. Pritchard, Esq.*, for the petitioner.
*A. S. Lisenby, Esq.*, for the respondent.

OPINION.

TRUSSELL: The first issue in this case presents a question of fact which has been determined by the stipulation of the parties.

The second issue relates to the computation of allowances deductible from income for depreciation. The parties are in agreement as to the annual rates to be applied. We are required to determine the costs to which to apply the rates. In relation to assets acquired prior to January 1, 1917, there is no satisfactory evidence of their cost or of their actual cash value when turned over to the petitioner, and we are not satisfied that the book values and the depreciation allowances upon them, which the respondent has computed, are in error. We, therefore, make no adjustment of this portion of the depreciation deduction allowed by the respondent. The cost of the additions subsequent to January 1, 1917, determined from evidence or by stipulation, is set out in the findings in detail. Upon these additions the allowances for depreciation should be recomputed, using the rates agreed upon.

The remaining issue is a question of deductible losses by fire. During the taxable years the petitioner was an operating lumberman and he was the owner of the timber lands upon which turpentining and logging operations were conducted. The evidence shows that fires occurred in the timber in each of the taxable years. The respondent has allowed no deduction whatever on account of timber consumed by the fires. The issue largely involves questions of fact as to the extent to which valuable timber was destroyed and its value for income-tax purposes.

In *Lock, Moore & Co., Ltd.*, 7 B. T. A. 1008, we decided that timber destroyed by storm was properly the subject of a deduction by way of allowance for a loss as provided in section 214 (a) (4) (5) (6) of the Revenue Act of 1918, rather than under the provisions for the allowance of depletion under section 214 (a) (10). We are of the same opinion relative to destruction of timber by fire.

With respect to losses actually sustained within a taxable year, the Revenue Act of 1918 provides for the allowance of deductions from income in section 214 (a) (4) if incurred in trade or business, and in section 214 (a) (6) on property not connected with trade or business if arising from fires, storms, shipwreck or other casualty.

It is well settled that under the 1918 statute losses are only allowable on a basis of cost or of fair market value March 1, 1913, whichever is lower; *United States* v. *Flannery*, 268 U. S. 98; *McCaughn* v. *Ludington*, 268 U. S. 106; *Pioneer Cooperage Co.*, 17 B. T. A. 119; *Hubinger* v. *Commissioner*, 36 Fed. (2d) 724. There is no evidence in the instant case of the cost of the timber burned and we are unable to make any redetermination with respect to the years 1919 and 1920.

This leaves for consideration the year 1921. The Revenue Act of 1921 makes similar provisions for losses, in section 214 (a) (4) and (6) with, however, this further allowance:

In case of losses arising from destruction of or damage to property, where the property so destroyed or damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.

In the report of the Conference Committee on the Revenue Bill of 1921 (Rept. No. 486, 67th Cong., 1st sess.) the Committee managers on the part of the House reported at page 25 as follows, relative to amendment 181, amending section 214 (a) (6):

Amendment No. 181: The purpose of this amendment and of the similar language in amendment 401 is to remove a doubt in existing law as to whether the basis of such a loss should be the value of the property on March 1, 1913, or the cost thereof, and provides that in case of losses arising from destruction of or damage to property, where the property was acquired before March 1, 1913, the loss deduction shall be computed on the basis of the fair market price or value of the property as of March 1, 1913; and the House recedes.

The losses here under consideration arise from the destruction of or damage to property, consequently, the valuation basis for purposes of the deduction relative to such of the property as was acquired prior thereto is the value on March 1, 1913.

A portion of the timber lands in Tallapoosa County was acquired prior to March 1, 1913, but there is no satisfactory evidence of the quantities of timber destroyed on these lands during the taxable years. We, therefore, dismiss them from further consideration.

With respect to the timber lands in Talladega and Clay Counties, acquired prior to March 1, 1913, the respondent has determined a value for the timber of $4 per thousand feet board measure, which is the basis upon which the deductions for depletion, not an issue here, have been computed. We think it should also be the basis for the computation of the losses here under consideration. The peti-

tioner claims higher values, but we are of opinion that the evidence fails to support his claim. We are also required to determine the amount of timber destroyed by the fires. After careful consideration of the testimony of witnesses who were upon the properties at the times of the fires and immediately afterward, we are satisfied that the loss on the lands in Talladega and Clay Counties, acquired prior to March 1, 1913, amounted to at least 2,250,000 feet in 1921 and that quantity is properly to be considered in the computation of the amount of the deduction which we conclude is allowable.

*Judgment will be rendered pursuant to Rule 50.*