### PIONEER COOPERAGE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9030.

Circuit Court of Appeals, Eighth Circuit.

Sept. 29, 1931.

Richard S. Doyle and Marion N. Fisher, both of Washington, D. C. (A. S. Johnston, of Lincoln, Neb., and Charles D. Hamel, of Washington, D. C., on the brief), for petitioner.

G. A. Youngquist, Asst. Atty. Gen. (Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before STONE and GARDNER, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge.

This is a petition to review an order of the Board of Tax Appeals and involves a construction of section 234 (a) (4) of the Revenue Act of 1918 (40 Stat. 1077), allowing to a corporation deductions for "losses sustained during the taxable year and not compensated for by insurance or otherwise."

The facts are not in dispute. Several years prior to 1913, petitioner, a corporation

engaged in the timber business, acquired by purchase certain timber lands in Louisiana, which it owned March 1, 1913. In June, 1916, 2,780 acres of petitioner's timber was damaged by a hurricane or cyclone. As a result of this storm and the ravages of insects and worms, 15,462,431 feet of timber were destroyed. Of this amount 7,731,218 feet, it is agreed, are deductible from the income in 1918. The average cost of this timber to petitioner was $1.13 per thousand feet. A fair market value on March 1, 1913, was $3.50 per thousand feet, and the market value in 1918, when the loss occurred, was $5.50 per thousand feet. The loss was not compensated for by insurance or otherwise.

The Board allowed as a deductible loss only the actual cost of the timber destroyed. Petitioner here insists that it should be allowed the fair market value of the timber on March 1, 1913. Petitioner has abandoned in this court the theory that the value when destroyed should be adopted as the basis for determining its loss.

Section 202 (a) (1) of the Revenue Act of 1918 (40 Stat. 1060) provides that, for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property acquired before March 1, 1913, the fair market price or value of such property as of that date shall be the basis.

In United States v. Flannery, 268 U. S. 98, 45 S. Ct. 420, 69 L. Ed. 865, and in Mc-Caughn v. Ludington, 268 U. S. 106, 45 S. Ct. 423, 69 L. Ed. 868, the Supreme Court of the United States in construing the section just mentioned on authority of Goodrich v. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758, and Walsh v. Brewster, 255 U. S. 536, 41 S. Ct. 392, 65 L. Ed. 762, held "that the act allowed a deduction to the extent only that an actual loss was sustained from the investment, as measured by the difference between the purchase and sale prices of the property."

A different construction might have been placed upon the language of the act, but the Supreme Court in the recent case of Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991, adhered to its ruling in the Flannery and Ludington Cases and held that the effect of the provision in respect of value on March 1, 1913, is to limit the deductible loss by that value if it be less than the original cost. These decisions refer to sales of property. The act includes not only sales, but other disposition of property. A loss of property, such as occurred in this case, is a disposition within the meaning of this act,

although it is involuntary. The property is disposed of so far as its owner is concerned, and there is no reason, in the absence of a positive statute, in determining a loss why a different rule should be adopted than in the case of a voluntary sale. The purpose of the act is to allow the owner to deduct what he has actually lost in the transaction. The depletion and exhaustion statutes were not intended to cover losses such as are involved here.

The ruling of the Board of Tax Appeals is correct, and is affirmed.