## JEFFERSON & CLEARFIELD COAL & IRON CO. v. UNITED STATES.

### No. 41844.

Court of Claims.
June 1, 1936.

This case having been heard by the Court of Claims, the court, upon the evidence and the report of a commissioner, makes the following special findings of fact:

1. Plaintiff is, and at all times hereinafter mentioned was, a Pennsylvania corporation with its principal office and place of business at Indiana, Pa.

2. March 15, 1921, plaintiff filed its income and profits tax return for the calendar year 1920 showing a taxable net income of $1,589,051.81 and a total tax liability of $307,170.10. The tax thus shown was duly assessed and thereafter paid in installments during the year 1921.

3. Thereafter the Commissioner of Internal Revenue advised plaintiff of the determination of a deficiency for 1920 of $171,926.57, which was duly assessed by the Commissioner. The deficiency was paid January 26, 1927, with interest in the amount of $8,737.64.

4. June 19, 1930, plaintiff filed a claim for refund for 1920 and assigned the following basis therefor:

"Depletion was figured incorrectly, inasmuch as it was figured on the 1913 value instead of cost. It happens in this case that cost was greater than value at March 1, 1913. Depletion should have been figured the same as it was figured for the years 1924 to 1926, inclusive. See Goodrich v. Edwards [255 U.S. 527, 41 S.Ct. 390, 65 L.Ed. 758] and other authorities. Taxpayer reserves the right to amend and/or add to this claim. Oral hearing is requested."

The claim was formally disallowed by the Commissioner on a schedule dated March 11, 1932.

5. In the determination of the deficiency referred to in finding 3, the Commissioner allowed a deduction for depletion on coal properties owned by plaintiff on the basis of their value on March 1, 1913, which gave a depletion allowance of 6 cents per ton. The coal properties had been acquired by plaintiff prior to March 1, 1913, at a cost in excess of their value on March 1, 1913, and, if the depletion allowance is to be computed on the basis of cost in lieu of March 1, 1913, value, the depletion should be computed at 14.66 cents per ton instead of 6 cents per ton as computed by the Commissioner. In the determination as made by the Commissioner, the depletion allowed was $30,994.62 for 1920, whereas, if computed on the basis contended for by plaintiff, that is, cost, the amount allowable would be $75,730.19.

Howe P. Cochran, of New York City (C. Leo De Orsey, of Washington, D. C., on the briefs), for plaintiff.

George W. Billings, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

Upon facts which are not in dispute, the question presented in this case is whether, in determining plaintiff's income and profits tax liability for 1920, the deduction allowable for depletion of its mining properties is to be computed on the cost of such property or on their March 1, 1913, value, where the former exceeds the latter. Plaintiff acquired certain coal properties at a

920

cost which was in excess of their value on March 1, 1913. In accordance with the statute and regulations (section 234 (a) (9) of the Revenue Acts of 1918 and 1921 [40 Stat. 1077, 42 Stat. 254] and articles 201 and 202 of Regulations 45 and 62), the Commissioner computed a depletion allowance of $30,994.62, based upon the March 1, 1913, value, whereas, if he had used cost, as contended for by plaintiff, the allowance would have been $75,730.19. The governing statute referred to provides, in so far as here material:

"(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(9) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: Provided, That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date."

■ The regulations are in conformity with the statute, and plaintiff agrees that the allowance was made by the Commissioner in accordance therewith. What the plaintiff urges is that Congress is without power to base a deduction for depletion on the March 1, 1913, value of mining properties when such value is less than cost, for the reason that such action would result in a tax on capital; that is, would not permit deductions sufficient in amount to return its capital to it tax free. That proposition is fully answered by the principle, now well established, that deductions from gross income are creatures of the statute which may not be taken as a matter of right but wholly because all deductions are matters of legislative grace and that this rule applies to a deduction for exhaustion of wasting assets, depletion, or depreciation, even though the amount as allowed may not be sufficient to return to the taxpayer its capital tax free. Stanton v. Baltic Mining Co., 240 U.S. 103, 36 S.Ct. 278, 60 L.Ed. 546; Von Baumbach v. Sargent Land Co., 242 U.S. 503, 37 S.Ct. 201,

61 L.Ed. 460; United States v. Biwabik Mining Co., 247 U.S. 116, 38 S.Ct. 462, 62 L.Ed. 1017; and Burnet v. Thompson Oil & Gas Co., 283 U.S. 301, 51 S.Ct. 418, 75 L.Ed. 1049. These decisions definitely establish that, when deductions are allowed, capital need not be preserved intact or need there be any segregation into capital and income of what comes to a taxpayer in the form of gross income.

As shown in the Thompson Case, supra, Congress may allow a deduction for depletion which differs widely—whether more or less—from the depletion sustained as illustrated by the deduction for depreciation provided by the Revenue Act of 1913, section 2G (b), 38 Stat. 173, where the allowance was "5 per centum of the gross value at the mine of the output for the year for which the computation is made," and that without regard to the fact that it often did not "allow enough to return the capital on exhaustion of the reserve."

Plaintiff relies on certain decisions (Goodrich v. Edwards, 255 U.S. 527, 41 S.Ct. 390, 65 L.Ed. 758; Walsh v. Brewster, 255 U.S. 536, 41 S.Ct. 392, 65 L.Ed. 762; United States v. Flannery, 268 U.S. 98, 45 S.Ct. 420, 69 L.Ed. 865, and United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054), wherein the court had for consideration gain or loss on a sale, a totally different question, and applied the principle that under such circumstances cost as well as the March 1, 1913, value must be considered. The court, however, stated specifically in Burnet v. Thompson Oil & Gas Co., supra, that a different rule applied, where we are concerned with a deduction for depletion, the question there being "what allowance Congress intended should be made from the gross annual income," whereas in cases of the character referred to by plaintiff the question is "how much of the capital has already been returned tax-free."

■ There can be no question of the intent of Congress to allow the depletion allowed by the Commissioner, and no more, and the validity of the acts authorizing such allowance is fully sustained by the authorities heretofore cited.

It follows that the petition must be dismissed. It is so ordered.