OLIVE W. GARVEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garvey v. Commissioner
Docket No. 13712-81.
United States Tax Court
T.C. Memo 1986-200; 1986 Tax Ct. Memo LEXIS 408; 51 T.C.M. (CCH) 1026; T.C.M. (RIA) 86200; May 19, 1986. Edmund R. Learned, *410 and Robert A. Page, for the petitioner. Charles N. Woodward, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency of $748,147.09 in petitioner's 1977 income tax and an addition to tax under section 6653(a) [1] in the amount of $37,407.35. After concessions, including a concession by respondent that petitioner is not liable for the negligence addition under section 6653(a), the issue for decision is whether petitioner must include in taxable income for the year 1977 the ordinary income portions of two private annuity contracts that were paid to charitable beneficiaries pursuant to the Garvey Charitable Trust No. Eight (Trust) to which the annuity contracts had been assigned. This case was submitted under Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. On June 1, 1969, petitioner transferred certain properties to Garvey, Inc. (Garvey) in exchange for a private annuity *411 contract (properties annuity). On the same day, Garvey Investments, Inc. (Investments), which was wholly owned by petitioner, also transferred certain properties to Garvey in exchange for a private annuity (investments annuity). On December 9, 1971, Investments was liquidated and all of its rights under the investments annuity were assigned to petitioner. On April 19, 1976, petitioner created the Trust which terminates on May 31, 1986, a period of 10 years and 42 days. Both annuity contracts were assigned to the Trust. The trust indenture provides that the ordinary income portions of the annuity payments taxable under section 72(a) [2] shall be paid to charitable beneficiaries. The remainder of the annuity payments including that portion excluded under section 72(b) and the section 1231 and ordinary gains portions shall be paid to petitioner. *412 On March 28, 1980, respondent and petitioner entered into a closing agreement, pursuant to which the tax treatment of the amounts received from the two annuities was agreed upon. For the year 1977, the tax treatment was as follows: Excluded
Gains
Ordinary Income
Year
Annuity
Per § 72(b)
§ 1231
Ordinary [3]
§ 72(a)
1977
Properties
$633,251.62
$301,127.83
$2,598.40
$892,836.31
1977
Investments
12,413.52
4,200.68
19,255.31
Totals       $953,592.05
$912,091.62
During 1977, from the payments received under the two private annuity contracts, the trust distributed the following amounts pursuant to the trust indenture: Charitable Beneficiaries
$912,091.62
Petitioner
$953,592.05
Petitioner agrees that the $953,592.05 is reportable by her in the categories set forth in the closing agreement. However, petitioner argues that the $912,091.62 paid to the charitable beneficiaries should not be included in her gross income and relies entirely on Revenue Ruling 67-70, 1967-1 C.B. 106. *413 In the alternative, petitioner argues that in accordance with section 1.671-3(a)(3), Income Tax Regs., she should be taxable on only a fraction of the $912,091.62 of ordinary income. Respondent contends that petitioner's receipt of a portion of the annuity payments which includes the return of capital and capital gains is a reversionary interest which takes effect in possession or enjoyment within 10 years of the date of transfer to the trust pursuant to section 673(a) [4] and therefore petitioner is treated as the owner of the trust and the income attributable to the reversionary interest is included in computing petitioner's taxable income. We agree with respondent. Section 673(a) provides that the "grantor shall be treated as the owner of any portion *414 of a trust in which he has a reversionary interest * * * if * * * the interest will or may reasonably be expected to take effect in possession or enjoyment within 10 years * * *." In the present case, petitioner's receipt of the return of capital and the gains portion of the annuity payments constitutes a reversionary interest within the meaning of section 673(a). Petitioner therefore is treated as the owner of the trust and the income in dispute must be included in the computation of her taxable income. See section 671. [5]
*415 In Rev. Rul. 67-70, the taxpayer-grantor sold property and accepted an installment note providing for monthly payments of principal and interest over a number of years. Taxpayer elected to report gain on the sale on the installment method under section 453. When the note had more than two years to run, taxpayer transferred the note to a trust which would terminate two years and one month after the transfer. Pursuant to the terms of the trust, the taxpayer received the principal payments which included the return of cost basis and the deferred profit and a charitable organization received the interedt earned on the note. The primary holding of the ruling was that the transfer to the trust was not a disposition of the installment obligation under section 453(d) which would result in acceleration of the installments and therefore the taxpayer was taxable on the deferred profit as the installment payments were received by the trust. Relying on section 673(b) [6], the ruling held that the taxpayer was not taxable on the interest paid to the charitable organization. Section 673(b) prior to its repeal in 1969, approximately seven years before the transfer to the Garvey *416 Charitable Trust No. Eight, was an exception to the Clifford Trust rules contained in section 673(a). It permitted the transfer of an income interest to a charity for a period of at least two years without requiring the transferor to include the income in his gross income even though he retained a reversionary interest under section 673(a). With the repeal of section 673(b), section 673(a) governs the transfer by petitioner here. Petitioner's reversionary interest begins to take effect in possession and enjoyment upon the first annuity payment and will continue regularly thereafter until the trust terminates or the annuity payments end, whichever comes first. Rev. Rul. 67-70 is not authority for petitioner's position and her reliance thereon is misplaced. [7]
*417 Petitioner's alternate argument that she should be taxable only on a fraction of the interest is inapposite. Section 1.671-3(a)(3), Income Tax Regs., applies in a situation where a grantor has an undivided fractional interest in a trust or an interest represented by a dollar amount which is a portion of the trust and deals with the computation of that grantor's interest. Here, the record reveals that petitioner, the sole grantor of the trust, is treated as owner of the entire corpus consisting of the two annuity contracts which were the sole assets of the trust. Petitioner gave away the income of the trust for 10 years and 42 days, but retained all the principal and principal payments during the period. At all times petitioner retained the right to income and principal after the 10 year 42 day period. In short, no allocation into portions is required. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sections 72(a) and (b) provide: (a) General Rule for Annuities.--Except as otherwise provided in this chapter, gross income includes any amount received as an annuity (whether for a period certain or during one or more lives) under an annuity, endowment, or life insurance contract. (b) Exclusion Ratio.--Gross income does not include that part of any amount received as an annuity under an annuity, endowment, or life insurance contract which bears the same ratio to such amount as the investment in the contract (as of the annuity starting date) bears to the expected return under the contract (as of such date). This subsection shall not apply to any amount to which subsection (d)(1) (relating to certain employee annuities) applies.↩
3. The parties have used the terms section 72(b), section 1231 gains, and ordinary gains, and we use their terminology solely for convenience.↩
4. Section 673(a) provides: (a) General Rule.--The grantor shall be treated as the owner of any portion of a trust in which he has a reversionary interest in either the corpus or the income therefrom if, as of the inception of that portion of the trust, the interest will or may reasonably be expected to take effect in possession or enjoyment within 10 years commencing with the date of the transfer of that portion of the trust.↩
5. Section 671 provides-- Where it is specified in this subpart that the grantor or another person shall be treated as the owner of any portion of a trust, there shall then be included in computing the taxable income and credits of the grantor or the other person those items of income, deductions, and credits against tax of the trust which are attributable to that portion of the trust to the extent that such items would be taken into account under this chapter in computing taxable income or credits against the tax of an individual. Any remaining portion of the trust shall be subject to subparts A through D. No items of a trust shall be included in computing the taxable income and credits of the grantor or of any other person solely on the grounds of his dominion and control over the trust under section 61 (relating to definition of gross income) or any other provision of this title, except as specified in this subpart.↩
6. Prior to its repeal, section 673(b) provided: (b) Exception Where Income Is Payable to Charitable Beneficiaries.--Subsection (a) shall not apply to the extent that the income of a portion of a trust in which the grantor has a reversionary interest is, under the terms of the trust, irrevocably payable for a period of at least 2 years (commencing with the date of the transfer) to a designated beneficiary, which beneficiary is of a type described in section 170(b)(1)(A)(i), (ii), or (iii). Section 673(b) was repealed by section 201(c) of Pub. L. 91-172, 83 Stat. 553, effective as to transfers in trust made after April 22, 1969. ↩
7. See Flacco v. Commissioner,T.C. Memo. 1985-393↩.