TINDLE et al. v. HEINER, Internal Revenue Collector.*

(District Court, W. D. Pennsylvania. November 23, 1926.)

1. United States ⬅══40—Departmental regulation, adapted to enforcement of statute, has force of law, if not in conflict with statutory provision.

A regulation by a department of government, addressed to and reasonably adapted to the enforcement of an act of Congress, the administration of which is confided to such department, has the force and effect of law, if not in conflict with express statutory provision.

2. Internal revenue ⬅══7(19)—Lease and subsequent sale of taxpayer's residence held not transaction "entered into for profit," and decrease in value not deductible loss (Revenue Act 1918, § 214(a) (5), being Comp. St. § 6336⅛g; Regulations 45, art. 141).

Where taxpayer in 1887 built a home at an approximate cost of $172,000, which he leased to various tenants from 1901 to 1920, when it was sold for approximately $74,000, held, taxpayer's abandonment of his use of residence in 1901 did not convert the transaction into one "entered into for profit"; hence decrease in value of property from March 1, 1913, to date when it was sold, was not deductible as a loss from taxpayer's net income for that year, under Revenue Act, 1918, § 214 (a) (5), being Comp. St. § 6336⅛g, and Regulations 45, art. 141, particularly in view of subsequent acts and regulations.

At Law. Action by James R. Tindle and another, coexecutors of the last will and testament of Philander C. Knox, deceased, against D. B. Heiner, Collector of Internal Revenue. Judgment for plaintiff for only the amount admittedly due.

James Walton, of Washington, D. C., for plaintiffs.

John D. Meyer and W. J. Aiken, both of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. This is an action brought by the executors of the will of Philander C. Knox, deceased, against the collector of internal revenue of this district, to recover additional tax for the year 1920, the amount of which was assessed by the government, and paid by the decedent under protest. The facts in the case are briefly these:

Senator Knox, decedent, built in about the year 1887 a residence in the city of Pittsburgh, at a cost of approximately $172,000. The building was occupied by Mr. Knox as his residence from the time it was built until 1901, when he was elected to the United States Senate. At that time the Senator moved his residence to the Schenley Hotel,

*Judgment reversed 18 F.(2d) 452.

Pittsburgh, from which residence he voted until the time of his death in 1921. From 1901 until 1920 he leased the property to various tenants, and in 1920 sold it to one James H. Hammett for the sum of $73,706.79.

The plaintiffs contend that the property was worth in the neighborhood of $120,000 on March 1, 1913, and claim as a loss the difference between that sum and the amount for which it was sold in 1920, and seek to deduct that amount from the income of the taxpayer for the year 1920, under section 214 (a) (5) of the Revenue Act of 1918 (Comp. St. § 6336⅛g). This particular section of the law reads as follows:

"That in computing net income there shall be allowed as deductions:

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business.   *   *   *"

The defendant's contention is that the purchase of the property by a taxpayer for his residence is not a transaction entered into for profit under the revenue acts. He also contends that the property had the same value in 1913 that it had in 1920, at the time of its sale, and that hence no deductible loss in any case was sustained by the taxpayer.

The evidence justifies the finding, which I now make, that the fair value of the property as of March 1, 1913, was $120,000, and, if the loss in the sale is a deductible loss under the section of the Revenue Act above recited, the difference between that value and the price at which the property sold would represent that loss. We are therefore confronted with the question of the proper interpretation of the law in question under the facts as they are conceded to be. The provisions of subdivision 5 are also contained in the Revenue Acts of 1921 (Comp. St. § 6336⅛g), 1924 (Comp. St. § 6336⅛g), and 1926 (44 Stat. 26). Regulations 45, as promulgated April 17, 1919, provided as follows:

"Art. 141. Losses.   *   *   *   A loss in the sale of an individual's residence is not deductible."

This regulation was amended on January 28, 1921, to read as follows:

"Art. 141. Losses.   *   *   *   A loss in the sale of residential property is not deductible unless the property was purchased or constructed by the taxpayer with a view to its subsequent sale for pecuniary profit."

This same provision is contained in Reg-

ulations 62, under the Revenue Act of 1921, and in Regulations 65, under the Revenue Act of 1924.

The question is: Is the purchase of property by a taxpayer for his residence a transaction entered into for profit? If not, where the taxpayer ceases to use the property as his residence, and leases it to another as a residence, is the status changed, making the renting of the property a new transaction entered into for profit?

In the solicitor's law opinion 780 (1 Cumulative Bulletin, 117) it is said:

"The expression 'transaction entered into for profit' clearly means a complete business venture from inception to conclusion. The deduction allowed is for losses sustained in any transaction 'entered into' for profit. The intent to make a profit must have existed at the commencement of the enterprise, or the right to deduct losses incurred is not within the contemplation of the statute. To construe the words 'transaction entered into for profit' as referring only to the conclusion of the venture—that is, the sale of the property—would result in a practical nullification of the statute. * * * Whether a loss incurred in the sale of residential property is deductible in arriving at net income must be determined by the object or intent of the individual in buying or constructing the property."

The provision of the law under which the plaintiff claims was not in any Revenue Act prior to 1918, but has been in all the Revenue Acts from 1918 to and including the act of 1926. Except in one appeal before the Board of Tax Appeals, no case is reported in the courts interpreting this provision. In the case of the Appeal of John J. Madden, 2 U. S. Board of Tax Appeals, 702, decided on September 30, 1925, the board held that the building of a house to meet the taxpayer's requirements for a home was not a transaction entered into for profit. In office decision 1148 (5 Cumulative Bulletin, p. 141) it is said:

"It is held that, if a loss is deductible at all, it is deductible under section 214 (a) (5) of the Revenue Act of 1918 as a loss sustained in a transaction entered into for profit. However, the mere renting of property purchased, without the intention at the time of purchase of making a pecuniary profit thereon, does not constitute a 'transaction entered into for profit' within the meaning of the statute, and, as the taxpayer in the instant case purchased the property for a home, it was not his intention at the time to subsequently sell it for profit. It is therefore held that any loss sustained is not deductible for the purposes of the Revenue Act of 1918."

Ever since the act of 1918 was passed, the regulations have provided that a loss in the sale of property purchased by a taxpayer for his residence is not a loss in a transaction entered into for profit. The original Regulations 45 provided that a loss in the sale of an individual's residence is not deductible. The amendment of January 28, 1921, provided that a loss on the sale of the residential property is not deductible, unless the property was purchased or constructed by the taxpayer with a view to its subsequent sale for pecuniary profit. The one is an amendment of the other, and can scarcely be said to have effected any material change. Both relate to the beginning of the transaction, viz. the purchase or construction of the property in question.

The decisions of the department have been uniform, and all have held the loss in such cases not a deductible loss. The re-enactment of the law year after year without change must be taken as an indication, not only to continue in force the existing law, but to adopt the practice of the department in interpreting and applying it. It was said in United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347:

"By thus adopting, without material change, the corresponding provisions of earlier acts, Congress might have been deemed to have recognized and adopted the established practice of the department interpreting and applying them. National Lead Co. v. United States, 252 U. S. 140, 40 S. Ct. 237, 64 L. Ed. 496."

See, also, Provost v. United States, 269 U. S. 443, 46 S. Ct. 152, 70 L. Ed. 352.

[1] The issuing of regulations by the Secretary of the Treasury is subsequently made his duty by the Revenue Act of 1918, and other Revenue Acts, and the Supreme Court has held that it is settled by the decisions of that court that a regulation by a department of government, addressed to and reasonably adapted to the enforcement of an act of Congress, the administration of which is confided to such department, has the force and effect of law, if it be not in conflict with express statutory provision. United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563, and many other cases.

[2] It appears to me that the rulings of the department are in harmony with the provisions of the law. The transaction in ques-

tion is one which began with the purchase and ended with the sale. The transaction was the ownership of the property and was ended when the property was sold. It cannot be fairly said that this was entered into for profit, but was entered into for the purpose of providing a home for the taxpayer. The transaction which was begun by the leasing of the property ended when the lease was ended, and it is not suggested that this was a loss. This is true of each succeeding lease. The transaction which was ended by the sale of the property seems clearly to have been the one which was begun by its purchase.

I am therefore compelled to hold that the plaintiffs' position that the loss claimed by the decedent as a deduction from taxable income under section 214 (a) of the Revenue Act of 1918 cannot be sustained. It appears, however, that in June, 1925, the plaintiffs filed with the defendant as collector of internal revenue a claim for refund of the amount of taxes which had been paid under protest, which claim was denied, except as to the amount of $4,863.04, which sum was allowed, but has not in fact been paid, by the government. The allowance of this claim is conceded by the defendant in the affidavit of defense filed.

Plaintiff is therefore entitled to judgment in this action in the sum of $4,863.04, with interest from the date of payment thereof, to wit, from February 2, 1925.

Judgment may therefore be entered accordingly.