**NICHOLS, Collector of Internal Revenue, v. SMITH.**

Circuit Court of Appeals, First Circuit.
November 22, 1929.

No. 2356.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief; C. M. Charest, General Counsel, and Frederick W. Dewart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellant.

Edward F. McClennen and Allison L. Newton, both of Boston, Mass., for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action at law brought by the plaintiff, appellee, against the collector of internal revenue to recover the sum of $4,868.72 and interest from date of payment, that sum being an additional tax for the year 1917, claimed to have been illegally assessed and collected. The tax was paid under protest and refund was duly claimed and rejected. The additional tax was based on the amount of an alleged loss incurred by the plaintiff in the sale of certain stock.

In the District Court judgment was rendered in favor of the plaintiff, and this appeal was taken.

It was found that in 1903 the taxpayer purchased certain shares of stock for $26,910; that their fair market value on March 1, 1913, was $7,020; and that he sold the stock in 1917 for $14,040. In his income tax return for the calendar year 1917 the taxpayer deducted as a loss the sum of $12,870, that being the difference between the cost of the stock in 1903 and the sale price in 1917. The commissioner disallowed this sum as a deductible loss, on the ground that none of it occurred after March 1, 1913, and assessed an additional tax of $4,868.72 on the $12,870 regarding that as net income.

The only question is whether the $12,870 was a loss which the taxpayer could deduct from his gross income, the fair market value of the stock on March 1, 1913, being less than its cost in 1903. There was an actual loss. Was there a deductible one that was sustained after March 1, 1913, the date on which the income tax law became effective?

The Revenue Act of 1916 provides:

"Sec. 2 (c) For the purpose of ascertaining the gain derived from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such gain derived."

"Sec. 5(a) Fourth. * * * Provided, That for the purpose of ascertaining the loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such loss sustained." 39 Stat. 756.

The Supreme Court, in construing these provisions of law, has held that no gain can be taxed and no loss deducted in computing the taxpayer's income unless there is an actual gain or an actual loss. Goodrich v. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758; Walsh v. Brewster, 255 U. S. 536, 41 S. Ct. 392, 65 L. Ed. 762; Lucas v. Alexander, 279 U. S. 573, 49 S. Ct. 426, 73 L. Ed. 851, 61 A. L. R. 906 (cases relating to gains under section 2, above quoted); and United States v. Flannery, 268 U. S. 98, 45 S. Ct. 420, 69 L. Ed. 865; McCaughn v. Ludington, 268 U. S. 106, 45 S. Ct. 423, 69 L. Ed. 868; and Heiner v. Tindle, 276 U. S. 582, 48 S.

Ct. 326, 72 L. Ed. 714 (cases relating to losses under section 5(a); that, as to property acquired prior to March 1, 1913, and disposed of subsequent to that date, section 2(c) imposes a tax upon *actual gain,* but only to the extent that it accrued during the period that elapsed between March 1, 1913, and the time of the sale (cases above cited as to gain); and that as to property acquired before March 1, 1913, and disposed of subsequent to that date, section 5(a)4 allows a deduction for an *actual loss,* but only to the extent it was incurred during the period that elapsed between March 1, 1913, and the time of the sale or disposition of the property. Cases cited above as to losses.

It has also held that where the transaction shows an *actual gain* and the March 1, 1913, value is *less* than the cost, the *taxable gain* is ascertained by substracting the cost from the selling price (this was the holding as to the second transaction in Walsh v. Brewster, supra); and that where there is an *actual gain,* and the March 1, 1913, value is *greater* than the cost, the *taxable gain* is ascertained by subtracting the March 1, 1913, value from the selling price. This was the holding as to the first transaction in Goodrich v. Edwards, supra; and in the single transaction involved in Lucas v. Alexander, supra.

Now as to losses: In United States v. Flannery, supra, the taxpayer undertook to deduct as a loss the difference between the sale price and the March 1, 1913, value. This was disallowed for the reason that the sale price showed a gain over the cost, and the court held that, as there was no actual loss, there was no deductible one. But in cases where the transaction involved disclosed an actual loss and that the March 1, 1913, value was *greater* than the cost, it has been held that the *deductible loss* is ascertained by subtracting the sale price from the cost. This was the conclusion as to the transaction involved in McCaughn v. Ludington, supra, where there was an actual loss and the March 1, 1913, value was greater than the cost. And the same proposition was affirmed in the case of Heiner v. Tindle, 276 U. S. 582, 587, 48 S. Ct. 326, 72 L. Ed. 714, decided April 9, 1928.

It has also been held by the Supreme Court, in the case of property acquired before March 1, 1913, and sold after that date, at an actual loss, that when the March 1, 1913, value is *less* than the cost, the deductible loss is ascertained by subtracting the sale price from the March 1, 1913, value. Heiner v. Tindle, 276 U. S. 582, 587, 48 S. Ct. 326, 72 L. Ed. 714. In that case the property involved was a dwelling house. It was purchased in 1892 at a cost of $172,000. In 1901

the taxpayer ceased to use it as a residence, and on October 1, 1901, devoted it exclusively to the production of taxable income in the form of rentals, a transaction for profit. He continued to lease it until 1920, when it was sold for $73,000. The fair market value of the property on March 1, 1913, was $120,000. Its value on October 1, 1901, when it was exclusively devoted to the production of income, was not found. In his tax return for 1920, the taxpayer deducted as a loss $47,000, the difference between the March 1, 1913, value ($120,000) and the sale price ($73,000). The commissioner disallowed the deduction and assessed an additional tax upon the $47,000. The tax was paid under protest, and suit was brought in the District Court [17 F.(2d) 522] to recover the additional tax. In that court the action of the collector in disallowing the deduction was affirmed, but in the Circuit Court of Appeals [18 F.(2d) 452] the judgment of the District Court was reversed and the deduction of $47,000 allowed. The Supreme Court reversed the judgment of the Court of Appeals on the ground that one essential fact, the cost or value of the property on October 1, 1901, when it was exclusively devoted to a production of income, had not been found. It remanded the case for a new trial on that question, with instructions that if the *value* of the property on March 1, 1913, was *less* than its cost or value on October 1, 1901, the deduction of $47,000, the difference between the March 1, 1913, and the sale price, should be allowed. But that if the value of the property on March 1, 1913, was greater than its cost or value on October 1, 1901, then the difference between the October 1, 1901, value or cost and the sale price was to be deducted.

From the foregoing it is apparent that the decision in Heiner v. Tindle, as stated in the instructions to the lower courts, included two possible situations. One such as that considered in McCaughn v. Ludington, where the March 1, 1913, value was *greater* than the cost price. And one like that involved in the present case, where the March 1, 1913, value is *less* than the cost price—in which situation the court points out that the deductible loss is the difference between the value on March 1, 1913, and the sale price. We must conclude, therefore, that the District Court, on the facts here presented, erred in allowing the difference between the cost in 1903 and sale price in 1917, as a deductible loss. The facts clearly show that all the loss was incurred prior to March 1, 1913; and as only losses occurring subsequent to that date are deductible, this was not.

As under the income tax statute only gains

accruing subsequent to March 1, 1913, are taxable as income, we fail to see wherein the statute can be regarded as unconstitutional, if construed as providing that losses sustained prior to that date shall not be allowed as deductions.

The judgment of the District Court is reversed, and the case is remanded to that court with directions to enter judgment for the defendant with costs.