## DAVISON et al. v. UNITED STATES.
### No. J–662.

Court of Claims.
March 12, 1934.

# 237

Leo H. Hoffman, of New York City (Robert W. Knox and Kix Miller, Baar & Hoffman, all of New York City, on the briefs), for plaintiffs.

H. Brian Holland, of Philadelphia, Pa., and Frank J. Wideman, Asst. Atty. Gen. (J. R. Fillman, E. Barrett Prettyman, T. H. Lewis, Jr., and E. J. Dowd, all of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Since the commencement of this action, the plaintiff has died and his executors have been substituted as the parties plaintiff but the word "plaintiff" as used in the findings and in this opinion means the original plaintiff in the case.

The issue in this case is whether in computing the income taxes of the plaintiff for 1919 an allowance should be made for depreciation on improved real estate sold by him.

The property was a lot in the city of New York with an apartment building thereon. Plaintiff purchased it in December, 1896, for $311,724. The parties agree that its fair value on March 1, 1913, was $285,000, and that in the period between the time when the property was purchased and March 1, 1913, the building had depreciated $49,926.46. Plaintiff sold the property on December 29, 1919, and received $254,007.70. In computing the plaintiff's net income for the calendar year 1919 the Commissioner made no allowance for loss or gain on account of the sale of the property. The plaintiff paid the taxes as computed by the Commissioner but duly filed a claim for refund and now claims that a deductible loss of $36,613.36 was sustained in the sale.

There is much discussion in the argument made on behalf of the respective parties with reference to the allocation of values to the building and the lot upon which it was constructed, and the amount of this allocation at the time the property was purchased has been agreed upon. We do not think it is necessary or proper to consider these allocations further than to say that if they are worked out in accordance with what we understand plaintiff's computation to be, the allocation to the building on December 29, 1919, when the property was sold, would have been over $50,000 larger than on December 31, 1896, which, of course, is quite unreasonable.

In our opinion, the building and the site have no separate market value. In law the building was attached to the lot. No one would buy the lot under a contract that gave him no right to the building and no one would buy the building under a contract that gave him no right to the lot, unless he wanted to move the building off. A number of expert witnesses did, indeed, testify to the value of each separately, but we think this testimony really referred only to what the lot would be worth if no building stood on it, and what the building at the time in question would add to the value of the lot. In any event, we are clear that the testimony has no value for the purpose of deciding the issues in the case.

The Revenue Act of 1918 controls the allowance of depreciation in the case and section 202 thereof provides that for the purpose of ascertaining the gain derived by a sale of property, the basis shall be:

"(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date."

So far as the basis is concerned, nothing could be simpler or more easily applied. Article 1561 of Regulations 45 expands the statement in the statute, but we do not think it is possible to make it more clear. This article reads as follows:

"Art. 1561. Basis for Determining Gain or Loss from Sale.—For the purpose of ascertaining the gain or loss from the sale or exchange of property the basis is the cost of such property, or if acquired on or after March 1, 1913, its cost or its approved inventory value. But in the case of property acquired before March 1, 1913, when its fair market value as of that date is in excess of its cost, the gain which is taxable is the excess of the amount realized therefor over such fair market value. Also in the case of property acquired before March 1, 1913, when its fair market value as of that date is lower than its cost, the deductible loss is the excess of such fair market value over the amount realized therefor. No gain or loss is recognized in the case of property sold or exchanged (a) at more than cost, but at less than its fair market value as of March 1, 1913, or (b) at less than cost but at more than its fair market value as of March 1, 1913. In any case proper adjustment must be made for any depreciation or depletion sustained."

This article has several times been amended and what is stated above is not its original form but as set forth in the briefs of the

238

respective counsel. The amendments, however, have not affected its application to the case at bar, and language to the same effect was incorporated in revenue acts subsequent to the time of the transactions in question.

In the case before us it will be observed that the parties have agreed on the value of the property on March 1, 1913, at $285,000. This was less than the purchase price of $311,724, and greater than the sale price of $254,007.70. Consequently, under both the statute and the regulations, the March 1, 1913, value is the basis for determining the amount of loss, if any, which is "the excess of such fair market value [of the property] over the amount realized therefor."

Neither the act of 1918 nor the act of 1921 expressly provided that in determining gain or loss adjustments should be made for depreciation or depletion. In preparing the Revenue Act of 1921, the House bill contained such a provision but it was stricken out by the Senate on the ground that "it specified a self-evident rule and was thus superfluous." Sen. Rep. No. 275, 67th Cong., 1st sess., p. 11. In section 202 (b) (2) of the 1924 Revenue Act (26 USCA § 933 note), the depreciation to be deducted was limited to that which was "allowed" in computing net income during the years of ownership, but in section 202 (b) (2) of the 1926 Revenue Act, 26 USCA § 933 (b) (2) it was provided that the "basis" should be diminished by the "deductions for exhaustion * * * allowable." Congress was evidently intending to clarify the provisions of the law with reference to this matter, but when the Revenue Act of 1932 was prepared it seems to have been recognized that there was still a question as to how the tax should be computed in cases where the property had been acquired prior to March 1, 1913, and had depreciated in the interval, and it was provided in section 113 (a) (13) as follows:

"(13) *Property Acquired Before March 1, 1913.* In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subsection, adjusted as provided in subsection (b), is less than the fair market value of the property as of March 1, 1913, then the basis shall be such fair market value." 26 USCA § 3113 (a) (13).

In the case of United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 610, 71 L. Ed. 1054, it is said with reference to a manufacturing plant:

"When the plant is disposed of after years of use, the thing then sold is not the whole thing originally acquired. The amount of the depreciation must be deducted from the original cost of the whole in order to determine the cost of that disposed of in the final sale of properties."

This rule was applied by the court to a mining property in computing taxes for the year 1917, and, as we shall attempt to show further on, the court applied it in such a way as not to conflict with the statute. The amount invested on March 1, 1913, for the purposes of estimating gain or loss under this rule, is not the cost at some prior time but the market value on that date, and it follows that when the property has depreciated in value from the time of its purchase up to March 1, 1913, that depreciation must be taken out in order to ascertain its market value on that date.

While the property and the deductions which might be allowed were quite different in the Ludey Case from that in the case we are now considering, we think the principle is the same, and its application requires that the depreciation which the property sustained should be considered in determining the gain or loss resulting from its sale. So far the parties to the case on trial agree and such, so far as we are aware, is the holding of the various courts which have considered cases involving similar circumstances. But it is contended on behalf of the plaintiff that depreciation sustained prior to March 1, 1913, should be ignored, and in effect that the original purchase price, less depreciation from March 1, 1913, to the time of sale, is the basis for determining gain or loss, and subtracting therefrom the sale price, a loss of $36,613.36[1] is shown as stated in the petition.

Plaintiff also contends that to determine the gain or loss from the sale it is proper to allocate the selling price between the land and building. We have already shown, as we think, that this contention cannot be sustained. Plaintiff submits an elaborate calculation based upon this theory, but we shall not review it, as we think it has no foundation in either law or fact. It may be said, however, that the same result is reached as is shown in the table under note 1 which takes as the basis the original purchase price and

[1] Gross purchase price, Dec. 31, 1896 ........ $311,724.00
Less depreciation Mar. 1, 1913, to Dec. 29, 1919 ..................................... 21,102.94

Net purchase price....................... 290,621.06
Sale price Dec. 29, 1919..................... 254,007.70

Loss on purchase price.................. 36,613.36

deducts therefrom the depreciation after March 1, 1913.

A further contention is made by plaintiff that where the cost of property acquired prior to March 1, 1913, exceeds the March 1, 1913, value thereof, and the March 1, 1913, value exceeds the sale price, the March 1, 1913, value should not be reduced by depreciation sustained since March 1, 1913, in determining the loss deductible on a sale in 1919. In other words, when the property is worth less on March 1, 1913, than when purchased, the cost and not the 1913 value is to be taken as the basis in determining gain or loss on a subsequent sale without deducting the depreciation from the time of purchase to March 1, 1913, or using its value at that date except to ascertain the amount of depreciation therefrom at the time of sale.

It is urged that the first and third of the propositions are sustained by United States v. Ludey, supra. The decision in this case has sometimes been treated as if it had ignored the provisions of the statute which require the basis to be the March 1, 1913, value, but the language used in the opinion in this case as well as that in United States v. Flannery, 268 U. S. 98, 45 S. Ct. 420, 69 L. Ed. 865 and in the companion case, McCaughn v. Ludington, 268 U. S. 106, 45 S. Ct. 423, 69 L. Ed. 868, should, as we think, be considered only as applying in each instance to the case then before the court. A note to the opinion in the Ludey Case seems to have been often overlooked. It states in substance that throughout the opinion the term "cost" is used as meaning the value of the property "as of March 1, 1913, that value being higher than the original cost." The Ludey Case differed from the case at bar in that only the period after March 1, 1913, was being considered and also that the March 1, 1913, value was higher than the original cost. The Flannery Case was one in which stock had been purchased prior to March 1, 1913, at a price that was less than its value at that date. It was sold for more than its original cost, which is not the situation in the case we have under consideration. In McCaughn v. Ludington, stock bought prior to March 1, 1913, was worth more on that date, but when sold brought less than its purchase price, and again presents a different case from what we have before us.

It is true that in the Ludey Case the court said:

"We cannot accept the government's contention that the full amount of depreciation and depletion sustained, whether allowable by law as a deduction from gross income in past years or not, must be deducted from cost in ascertaining gain or loss. Congress doubtless intended that the deduction to be made from the original cost should be the aggregate amount which the taxpayer was entitled to deduct in the several years."

The language quoted above from the Ludey Case must be considered to apply to a case similar to the one then before the Supreme Court where depletion occurred but no allowable deduction therefor could be made under the law as it then stood, and by the words "original cost" was meant the March 1, 1913, value.

As a result of what we think is a misunderstanding of the holding in the Ludey Case, there has been much conflict in the decisions of the courts and those made by the Board of Tax Appeals. It would require too much space to review these decisions, but we think the comparatively recent case of Nichols v. Smith (C. C. A.) 35 F.(2d) 938, which reviews the decisions to which we have referred and holds in substance that a proper construction of the decisions of the Supreme Court permits the deduction of a loss only to the extent that actual loss had occurred after March 1, 1913, expresses the true doctrine. In other words, in cases such as we now have before the court, the March 1, 1913, value must be taken as the basis and not the original cost.

Having thus determined that the March 1, 1913, value must be taken as the basis, we must next determine what depreciation should be taken therefrom. This, we think, is settled by the numerous cases which hold that it is the actual gain or loss on the basis of the March 1, 1913, value acquired or sustained by the sale which is the ultimate fact to be ascertained, and this can only be found in the instant case by deducting from the March 1, 1913, value, the depreciation which took place up to the time of the sale, and then comparing the result with the sale price. Plaintiff urges that this would be in conflict with the case of United States v. Ludey, supra. We do not think so. It is true that only "allowable" depreciation was permitted in the Ludey Case, but this, as we have shown, was for a special reason not appearing in this case, namely, that not all the depreciation sustained by plaintiff during the period involved was allowable under the income-tax statutes. In the Ludey Case there was no occasion to consider depreciation prior to March 1, 1913, for the reason that cost was taken as of that date. We do not think that either in the Ludey Case or elsewhere

when reference is made to "allowable" or "allowed" deductions, any reference is made to the depreciation prior to March 1, 1913; first, because the value at that date must be taken as the basis, and, second, because in the Ludey Case only allowances after March 1, 1913, under the statute, were being considered. It may be in some cases that to ascertain the March 1, 1913, value, the depreciation from cost has to be deducted. In this case the March 1, 1913, value is known and we ascertain the depreciation by comparing it with the original purchase price. In any event, under the express language of the act, the March 1, 1913, value is the basis, and notwithstanding the courts have differed at times with reference to the proper construction of the Ludey Case we think the consensus of opinion is now in accordance with what is above stated. See Klein on Income Tax, 1933 Supplement, page 457 (p. 870), par. 26: 13. "Restatement of the rule under the 1918 act as determined by the Supreme Court," which reviews the later decisions.

We think the rule as we have applied it is fair and just and that the statute is so direct and plain in its terms that no other construction can be placed upon it.

A computation of the actual loss, taking the March 1, 1913, value as the basis in accordance with the rules we have above laid down, determines the amount thereof to be $9,889.36. The computation is shown by the table below.[2]

It is urged on behalf of defendant that under the statute neither gain nor loss could be allowed on the sale, but the argument is so contrary to the principles that we have applied that we do not think it is necessary to discuss it.

The plaintiff is entitled to recover, but entry of judgment is suspended pending the submission by counsel of a computation of the tax in accordance with this opinion.

[2] Mar. 1, 1913, value.......................... $285,000.00
Less depreciation therefrom to Dec. 29, 1919 ....................................... 21,102.94

Amount to be compared with sale price ................................... 263,897.06
Sale price Dec. 29, 1919..................... 254,007.70

Actual loss on sale..................... 9,889.36