HELVERING, Commissioner of Internal Revenue, v. OWENS et al.

No. 163.

Circuit Court of Appeals, Second Circuit.

March 7, 1938.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

Ewing Everett, of New York City, for respondents.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This appeal involves the question as to how much the taxpayers—a husband and

wife filing a joint income tax return—were entitled to charge off as a loss for injury to a motorcar by reason of a collision in 1934. The car had been bought at some undisclosed time before 1934 for $1,825; on June 1st of that year it collided with another car and was so damaged that it was thereafter worth only $190; just before the collision it had been worth $225. The Commissioner allowed $35 as a loss—the difference between the value before the collision and after; the taxpayers claimed $1,635—the difference between the cost and the value after the collision. The Board ruled with the taxpayers.

■ Section 23(e) (3) of the Revenue Act of 1934, 26 U.S.C.A. § 23(e) (3)—following the language of earlier acts—provided that losses "of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck or other casualty," may be deducted; nobody disputes that collision is a "casualty." Subsection (h) of section 23, 26 U.S.C.A. § 23 (h), declared that "the basis for determining the amount of deduction for losses sustained, to be allowed under subsection (e) or (f), shall be the adjusted basis provided in section 113 (b)." Subsection (a) of section 113, 26 U. S.C.A. § 113(a), declared that the "unadjusted basis" of property should be its cost; and subsection (b) (1) (B), section 113, 26 U.S.C.A. § 113(b) (1) (B), that "exhaustion, wear and tear, obsolescence, amortization, and depletion" should be deducted from that "unadjusted basis" in cases when they were "allowed * * * under this Act." But section 23(l), 26 U.S.C.A. § 23(l) allowed for exhaustion, wear and tear, or obsolescence only in the case of "property used in the trade or business"; and on this account the respondents could not have claimed any deduction for wear and tear of the car during the years before 1934.

■■ Verbally the conclusion is nevertheless inescapable that the "adjusted basis" was the same as the "unadjusted," and was the original cost; and, even though this secures to the owner a deduction which he could not have claimed, had he quite worn out the car without mishap, it may have been deliberately granted, for the destruction of property, still serviceable, often involves a greater loss to the owner than the money it would fetch on any market. Be that as it may, the letter is too plain; we should have to disregard the words, and should not be interpreting them, if we refused to take them just as they read. Colloquially, it is

true, the whole loss was not "sustained" in 1934, as required by section 23(e); but the earlier losses had never been "realized" in terms of money, and our income tax does not ordinarily "recognize" such losses; property used for convenience or pleasure, unlike business property, is no exception. The Treasury must take the bitter with the sweet; and just as increases in value do not increase the taxpayer's permissible deduction; (Pioneer Cooperage Co. v. Commissioner, 8 Cir., 53 F.2d 43); so decreases should not decrease it.

Order affirmed.